DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Chester and Theresa Owca married in 1986 and divorced in 1999. At the time of the divorce, the trial court divided the parties' property, including a pension plan in which Mr. Owca participated as an employee of Ford Motor Company. In 2005, the trial court vacated its final divorce decree because it determined Ms. Owca had fraudulently concealed marital property in the form of insurance proceeds. Following Ms. Owca's unsuccessful appeal of the order vacating the final divorce decree, the trial court held an evidentiary hearing and entered a new final divorce decree. Ms. Owca has now appealed from that decree, arguing that the trial court incorrectly divided the Ford Motor Company pension, incorrectly awarded Mr. Owca attorney fees, and incorrectly failed to award her spousal support. This Court affirms the trial court's judgment because Ms. Owca has not demonstrated that the trial court abused its discretion in awarding Mr. Owca attorney fees and the remainder of her arguments are either *Page 2 
barred by the doctrine of law of the case or insufficiently developed to comply with the Rules of Appellate Procedure.
 THE PENSION PLAN {¶ 2} In its 1999 final divorce decree, the trial court determined that 38.16% of the Ford Motor Company pension was marital property and that Ms. Owca was entitled to one-half of that 38.16%. Although Ms. Owca attempted to appeal the final divorce decree, that appeal was dismissed because she failed to respond to an order of this Court directing her to demonstrate that her attempted appeal was timely.
 {¶ 3} Part of Ms. Owca's first assignment of error appears to be a challenge to the original determination that 38.16% of the total pension was marital property. She does not appear to have made this argument during the most recent proceeding before the trial court, and, even if she had, the trial court would have been foreclosed from reconsidering its original division of the pension by the doctrine of law of the case. "[T]he doctrine of law of the case precludes a litigant from attempting to rely on new arguments on retrial which could have been pursued in a first appeal." Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.Inc., 81 Ohio St. 3d 214, 218 (1998) (citing Beifuss v. Westerville Bd.of Educ, 37 Ohio St. 3d 187, 191 (1988)). To the extent Ms. Owca's first assignment of error is a challenge to the original division of the pension, therefore, it is overruled.
 {¶ 4} Ms. Owca's first assignment of error also appears to be a challenge to the trial court's determination that Ms. Owca shall not receive any further pension benefits until Mr. Owca is reimbursed for his share of the insurance proceeds Ms. Owca fraudulently concealed, plus attorney fees and interest. The trial court determined that Ms. Owca fraudulently concealed $60,000 in insurance proceeds she received for damage to marital, personal property. It further *Page 3 
determined that she had paid the lawyer who represented her in obtaining those proceeds $20,000 and had spent the remaining $40,000. It ordered Ms. Owca to prepare a new Qualified Domestic Relations Order that directs the pension plan administrator to pay the full amount of the pension benefits to Mr. Owca until such time as he is reimbursed the full amount of his share of the insurance proceeds plus attorney fees of $6719.90 and interest.
 {¶ 5} Ms. Owca's entire argument in support of this part of her first assignment of error is an assertion that the trial court's decision to order Mr. Owca's reimbursement out of the pension benefits is "inconsistent" with what she describes as two approaches for dividing pensions. She has neither explained how it is "inconsistent" nor cited a single case in support of the proposition that it is an abuse of discretion to use pension proceeds to equalize a property division. This Court will not develop an argument for an appellant who fails to develop one for herself. See App. R. 16(A)(7). To the extent Ms. Owca's first assignment of error is a challenge to the trial court's determination that Ms. Owca shall not receive any pension benefits until Mr. Owca is reimbursed, it is overruled.
 ATTORNEY FEES {¶ 6} Ms. Owca's second assignment of error is that the trial court incorrectly directed her to reimburse Mr. Owca for $6719.90 in attorney fees. Section 3105.73(B) of the Ohio Revised Code provides a domestic relations court authority to award reasonable attorney fees in a post-decree proceeding. In determining whether an award is equitable, the trial court may consider the parties' income, the conduct of the parties, and any other relevant factor it considers appropriate. In this case, the trial court specifically found that Mr. Owca incurred legal fees as a "direct and proximate result" of Ms. Owca's fraud in concealing the insurance proceeds. This *Page 4 
Court cannot conclude that the trial court abused its discretion in awarding attorney fees to Mr. Owca. Ms. Owca's second assignment of error is overruled.
 SPOUSAL SUPPORT {¶ 7} Ms. Owca's final assignment of error is that the trial court incorrectly failed to award her adequate spousal support. At the time of the original divorce decree, the trial court awarded her spousal support of $10 per month. At the most recent hearing in the trial court, she asked it to retroactively increase her spousal support award, but it refused to do so. As with her argument about the original division of the pension, Ms. Owca's argument about the original spousal support award is foreclosed by the doctrine of law of the case. By failing to pursue on appeal an argument that her spousal support award was inadequate at the time it was made, Ms. Owca forfeited that argument. Her third assignment of error is overruled.
 CONCLUSION {¶ 8} Ms. Owca's assignments of error are overruled. The judgment of the Medina County Common Pleas Court, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 5 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
MOORE, J. CONCURS