[Cite as *Cirino v. Cirino*, 2011-Ohio-6332.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                           )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

FRANCESCO CIRINO                      C.A. No.      11CA009959

    Appellant

    v.                                 APPEAL FROM JUDGMENT
                                   ENTERED IN THE
SANDRA CIRINO                        COURT OF COMMON PLEAS
                                   COUNTY OF LORAIN, OHIO
    Appellee                       CASE No.    07DU068677

DECISION AND JOURNAL ENTRY

Dated: December 12, 2011

WHITMORE, Judge.

**{¶1}** Plaintiff-Appellant, Francesco Cirino ("Husband"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I

**{¶2}** Husband filed a complaint for divorce from Defendant-Appellee, Sandra Cirino ("Wife"), on December 28, 2007. The parties entered into a divorce decree on March 26, 2009. The decree contained the following provision:

> "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [Husband] and [Wife] shall each assume the full obligation for payment of his or her own individual debts whether incurred during the marriage or since separation and that each shall indemnify and save the other harmless therefrom. The term 'individual debt,' for purposes of this Decree only, shall be defined as any debt held in the name of [Husband] or [Wife] only, whether or not incurred for his or her sole benefit.

> "[Husband] and [Wife] have represented to the Court, mutually, that they have incurred no joint debts, except as may be elsewhere described herein. Should any additional joint debts be found to exist which have not been disclosed, whether by inadvertence or deliberate non-disclosure, the obligation for payment shall be assumed by the party who has incurred the debt."

Husband and Wife each personally guaranteed a line of credit with J.P. Morgan / Chase Bank ("Chase") during their marriage, but there was no outstanding debt associated with Chase enumerated in the decree. Husband and Wife actually owed $30,000 to Chase at the time of the divorce because Husband incurred debt during the divorce proceeding without Wife's knowledge. Husband later discharged the debt in bankruptcy. Chase then sought to hold Wife accountable on the debt and filed suit against her in the full amount.

{¶3} On September 17, 2009, Wife filed a motion, asking the court show cause Husband as to why he should not be held in contempt for failing to pay the obligation to Chase. Wife's motion also asked the court to award her the attorney fees she incurred. A magistrate determined that Husband was permitted to discharge the Chase debt in bankruptcy and was not subject to contempt for failing to pay it. The trial court adopted the magistrate's decision the same day, and Wife later filed her objection to the magistrate's decision.

{¶4} The trial court held a hearing on Wife's objection on December 16, 2010. On January 12, 2011, the trial court issued a judgment entry, sustaining Wife's objection. Specifically, the court found that Husband incurred the joint debt at issue, failed to disclose the debt to Wife, and was liable for the debt pursuant to the terms of the divorce decree. The court ordered Husband to hold Wife harmless from the debt and to pay Wife's attorney fees in the amount of $3,000.

{¶5} Husband now appeals from the trial court's judgment and raises two assignments of error for our review.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED, AS A MATTER OF LAW WHEN, IT OVERRULED THE MAGISTRATE'S DECISION AND ORDERED HUSBAND TO HOLD WIFE HARMELSS (sic) FROM THE DEBT, COSTS, POTENTIAL ATTORNEY FEES, INTEREST, COSTS AND DEBTS ASSOCIATED WITH THE DEBT INCURRED IN CASE NO. 10 CV 166391."

{¶6} In his first assignment of error, Husband argues that the trial court erred by concluding that he was responsible for the debt owed to Chase. Specifically, he argues that he was not required to indemnify Wife for joint debts and the court's ruling amounted to an improper modification of the divorce decree. We disagree.

{¶7} Generally, absent an error of law, "the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion." *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, at ¶5. "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, at ¶18. "An agreed divorce decree, like a separation agreement, is an agreement of the parties that is made an order of the court. Contract principles apply to the interpretation of such agreements, and the interpretations are reviewed de novo on appeal as questions of law." *Miller v. Miller*, 9th Dist. No. 10CA0034-M, 2011-Ohio-4299, at ¶22, quoting *Zimmer v. Zimmer* (Feb. 27, 2001), 10th Dist. No. 00AP383, at *2.

{¶8} Wife was the only witness to testify at the hearing on her objections to the magistrate's decision. Wife testified that she personally guaranteed a line of credit along with Husband for their joint business entity, Cirino Enterprises, Inc., shortly before their divorce. She further testified that at the time Husband filed for divorce the Chase line of credit had a zero

balance. Wife introduced an affidavit from a Chase Recovery Officer as well as a transaction history for the line of credit. The transaction history evidences that $30,000 worth of debt was incurred between April 2008 and February 2009, one month before the parties finalized their divorce. Wife testified that she was unaware of the debt, as she did not have access to Cirino Enterprises, Inc.'s financial records after February 2008. Wife became aware of the debt when Chase brought suit against her for the outstanding balance on the line of credit. The parties stipulated before the hearing that Husband discharged his personal loan obligation for the Chase line of credit through bankruptcy.

{¶9} The trial court determined that Husband knowingly and tortiously failed to disclose the debt that he alone incurred on the Chase line of credit. Accordingly, the court ordered Husband to hold Wife harmless from the debt. Husband argues that the court's decision amounted to an error of law because the parties' divorce decree does not contain a hold harmless provision for joint obligations.

{¶10} As set forth above, the parties' divorce decree contained an express hold harmless provision for individual debts. That is, both Husband and Wife agreed to be individually responsible for any debts incurred in their individual names, regardless of when the debts were incurred. With regard to joint debts, the decree provided that:

> "[Husband] and [Wife] have represented to the Court, mutually, that they have incurred no joint debts, except as may be elsewhere described herein. Should any additional joint debts be found to exist which have not been disclosed, whether by inadvertence or deliberate non-disclosure, the obligation for payment shall be assumed by the party who has incurred the debt."

Husband acknowledges that an indemnification agreement between he and Wife on joint debts could obligate him to pay for such a debt and make any such debt non-dischargeable in bankruptcy. See *Wilson v. Wilson*, 9th Dist. No. 05CA0078, 2008-Ohio-3195, at ¶18. See, also,

*Hartz v. Hartz* (Dec. 31, 1975), 9th Dist. No. 7903. Yet, Husband points to the absence of "hold harmless language" in the joint debt portion of the decree as evidence that the parties did not agree to indemnify one another for joint debts. According to Husband, the court's ruling amounts to an improper modification of the divorce decree. See *Olson v. Newhouse*, 9th Dist. No. 24755, 2010-Ohio-1349, at ¶13.

{¶11} Although the joint debt portion of the decree does not employ the specific phrase "hold harmless," its plain language imposes an obligation on the parties with regard to undisclosed, joint debts. Specifically, the decree provides that the obligation for the payment of undisclosed, joint debts "shall be assumed by the party who has incurred the debt." The trial court listened to the testimony at the hearing and concluded that Husband incurred the debt for the Chase line of credit and failed to disclose the debt to Wife. The court then employed the plain language of the decree and ordered Husband to assume the debt.

> "The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used. All words used must be taken in their ordinary and popular sense ***, and when a *** writing is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which *** it naturally presents." (Internal citations, quotations, and alterations omitted.) *Worth v. Aetna Ca. & Sur. Co.* (1987), 32 Ohio St.3d 238, 240-41.

The joint debt portion of the divorce decree did not specifically use the phrase "hold harmless" or the term "indemnify," but indemnification is nothing more than "the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." Id. at 240. By virtue of the express language of the decree, Husband promised to assume the obligation for the payment of any undisclosed, joint debt that he incurred. Husband has not pointed this Court to any law in support of the proposition that particular language was necessary to create an indemnification obligation. See App.R. 16(A)(7). Even in the absence of the phrase

"hold harmless" or the term "indemnify," the meaning of the joint debt portion of the divorce decree is clear and precise. See *Worth*, 32 Ohio St.3d at 240-41. See, also, *Columbia Gas of Ohio, Inc. v. Larson Consolidated, Inc.* (Dec. 15, 1999), 9th Dist. No. 98CA007190, at *4.

{¶12} We do not discern any error on the part of the trial court in concluding that the parties agreed to indemnify one another for both individual debts and undisclosed, joint debts that they individually incurred. The trial court did not modify the decree; it merely interpreted the decree as written. Consequently, the trial court did not err in ordering Husband to hold Wife harmless on the debt for the Chase line of credit. Husband's first assignment of error is overruled.

Assignment of Error Number Two

"THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN ORDERING HUSBAND TO PAY WIFE'S ATTORNEY FEES IN CASE NO. 07 DU 068677."

{¶13} In his second assignment of error, Husband argues that the trial court erred in ordering him to pay Wife's attorney fees. Specifically, he argues that the court could not order him to pay Wife's attorney fees absent an explicit determination that he was in contempt for violating the divorce decree. We disagree.

> "In any post-decree motion or proceeding that arises out of an action for divorce, *** the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets." R.C. 3105.73(B).

"[Section] 3105.73 gives the court broad discretion in determining attorney fees. Its award will not be disturbed on appeal absent a showing of a clear abuse of discretion by the court." (Internal citations and quotations omitted.) *Miller v. Miller*, 9th Dist. No. 07CA0061, 2008-Ohio-4297, at ¶71.

{¶14} The trial court awarded Wife attorney fees upon a determination that Husband "knowingly defraud[ed] and tortuously [(sic)] non-disclose[d] a debt and caused [Wife] to be irreparably harmed by his unethical, covert and tortuous [(sic)] actions." The court based its determination upon the evidence that Husband retained all the financial records for the parties' joint business, incurred a large amount of debt during the divorce proceeding, and did not inform anyone that he had done so. Consequently, the court awarded Wife $3,000 in attorney fees. See *Owca v. Owca*, 9th Dist. No. 08CA0006-M, 2008-Ohio-6939, at ¶6 (upholding attorney fee award where the husband incurred legal fees as a result of the wife's fraudulent conduct).

{¶15} Husband does not contest the reasonableness of the amount of attorney fees the trial court imposed here. He only challenges the court's authority to impose any fees in the absence of a finding of contempt. Based on R.C. 3105.73(B), however, the trial court had the authority to award Wife a share of her attorney fees. Husband's second assignment of error is overruled.

III

{¶16} Husband's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

DAVID S. ANTHONY, Attorney at Law, for Appellant.

JAMES P. REDDY, JR., Attorney at Law, for Appellee.