[Cite as *Murphy v. Murphy*, 2012-Ohio-793.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CHAD MURPHY | C.A. No. 25942 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BARBARA MURPHY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 2008-06-1940 |

DECISION AND JOURNAL ENTRY

Dated: February 29, 2012

---

WHITMORE, Presiding Judge.

{¶1}   Plaintiff-Appellant, Chad Murphy ("Husband"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I

{¶2}   Husband and Defendant-Appellee, Barbara Murphy ("Wife"), married in September 1997.  On February 13, 2002, they had their first and only child, C.M.  Husband filed for divorce on June 27, 2008, and Wife filed a counterclaim for divorce.  Both parties filed motions for temporary orders, and a hearing before a magistrate took place on August 11, 2008.  The magistrate then issued an order on August 27, 2008.  The order named both Husband and Wife residential parents and legal custodians of C.M. and ordered Husband to pay $450.00 per month to Wife in temporary spousal support and $414.33 per month in temporary child support.

{¶3}   In the spring of 2009, both Wife and Husband filed motions to modify the temporary orders.  A hearing on the motions took place before the magistrate in June 2009.  On

June 18, 2009, the magistrate issued an order modifying Husband's temporary support obligations in the following amounts: (1) increasing his spousal support obligation to $466.66 per month; and (2) increasing his child support calculation to $524.17 per month.

{¶4} A hearing on Husband's complaint and Wife's counterclaim for divorce took place on November 23, 2009. The court issued a judgment entry on December 18, 2009, and Husband appealed. This Court dismissed the appeal, however, as the entry from which Husband appealed was not final and appealable. *Murphy v. Murphy*, 9th Dist. No. 25202, 2011-Ohio-176. Specifically, the order did not allocate the parties' parental rights and responsibilities or order shared parenting. *Id.* at ¶ 9. Upon remand, the parties filed a proposed shared parenting plan. The trial court adopted the plan and incorporated it into a judgment entry it issued May 4, 2011. The judgment entry also ordered Husband to pay $476.83 per month in child support, $800.00 per month in spousal support for a period of four years, and $3,500 for Wife's reasonable attorney fees.

{¶5} Husband now appeals from the trial court's judgment and raises four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

### Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT WIFE IS DISABLED BASED SOLELY ON HER OWN TESTIMONY THAT SHE CAN WORK ABSENT EXPERT EVIDENCE.

### Assignment of Error Number Two

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING HUSBAND TO PAY $800.00 PER MONTH IN SPOUSAL SUPPORT FOR FOUR YEARS.

### Assignment of Error Number Three

THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT ORDERING
A DEVIATION IN CHILD SUPPORT.

{¶6}    In his first three assignments of error, Husband challenges the size of the spousal

and child support obligations the trial court imposed upon him, given the evidence presented at

the divorce hearing.  At oral argument, however, Husband's counsel indicated that Husband

wished to abandon assignments of error one, two, and three, and limit his argument to

assignment of error four.  This Court asked for clarification, inquiring whether counsel wished to

dismiss assignments of error one, two, and three on her client's behalf and counsel agreed that

she was requesting to dismiss the foregoing assignments of error.  Because Husband has

voluntarily abandoned the foregoing assignments of error, we need not consider them in our

determination of this appeal.

### Assignment of Error Number Four

THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING
$3500.00 IN ATTORNEY'S FEES.

{¶7}    In his fourth assignment of error, Husband argues that the trial court erred by

ordering him to pay a portion of Wife's attorney fees.  We disagree.

> In any post-decree motion or proceeding that arises out of an action for divorce, *
> * * the court may award all or part of reasonable attorney's fees and litigation
> expenses to either party if the court finds the award equitable.  In determining
> whether an award is equitable, the court may consider the parties' income, the
> conduct of the parties, and any other relevant factors the court deems appropriate,
> but it may not consider the parties' assets.

R.C. 3105.73(B).  "[Section] 3105.73 gives the court broad discretion in determining attorney

fees.  Its award will not be disturbed on appeal absent a showing of a clear abuse of discretion by

the court."   (Internal citations and quotations omitted.)   *Miller v. Miller*, 9th Dist. No.

07CA0061, 2008-Ohio-4297, ¶ 71.  An abuse of discretion means that the trial court was

unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} The trial court awarded Wife $3,500 in attorney fees, which represented approximately one-third of the total fees she requested. Husband cites to R.C. 3105.73 in his brief and does not deny that the statute allows trial courts to make equitable awards of attorney fees in divorce proceedings. His entire argument consists of the following two sentences:

> In this case, both the spousal support and child support [awards] were incorrectly calculated based on the previously stated reasons. The award of attorney's fees was inequitable for the same reasons.

Yet, there has not been any showing that the trial court incorrectly calculated the spousal and child support awards here. Husband specifically withdrew his challenges to the spousal and child support awards. He does not offer any other argument as to why the award of attorney fees was inequitable. *See* App.R. 16(A)(7).

{¶9} This Court will not overturn the trial court's discretionary award of attorney fees to Wife in the absence of any argument or authority to the contrary. *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out."). *See also Cirino v. Cirino*, 9th Dist. No. 11CA009959, 2011-Ohio-6332, ¶ 15 (affirming award of attorney fees in divorce proceeding where appellant failed to contest the reasonableness of the amount of fees awarded). Husband's fourth assignment of error is overruled.

III

{¶10} Husband's fourth assignment of error is overruled. We need not reach the merits of his first, second, and third assignments of error as Husband has abandoned those assignments

of error on appeal. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
CARR, J.
CONCUR

APPEARANCES:

HOLLY L. BEDNARSKI, Attorney at Law, for Appellant.

DAVID M. LOWRY, Attorney at Law, for Appellee.