[Cite as *Stocker v. Stocker*, 2012-Ohio-5821.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

SUSAN M. STOCKER

    Appellee

    v.

JOHN W. STOCKER

    Appellant

C.A. No.     12CA0021

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     09-DR-0192

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

---

WHITMORE, Presiding Judge.

{¶1} Appellant, John Stocker ("Husband"), appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I

{¶2} Husband and Susan Stocker ("Wife") were married in 1978. On March 18, 2010, the parties entered into an in court settlement agreement, which was incorporated into a divorce decree filed on April 30, 2010. The divorce decree, in relevant part, required that the martial home be sold. Pending the sale, Husband was required to make payments on the first mortgage and Wife was required to make payments on the home equity loan. If the home were to sell for less than the total loan obligations, each party would be liable for 50% of the deficiency balance and would have to use their best efforts to pay such deficiency. It was made known that both parties were contemplating bankruptcy, and the divorce decree stated that "nothing herein

prevents either party from filing for bankruptcy protection or discharge regarding any of the debts set forth herein."

{¶3} After the divorce, but prior to the sale of the home, both Husband and Wife filed for bankruptcy and stopped making mortgage payments. Husband filed for Chapter 7 bankruptcy in July 2010, which was discharged in November 2010. Wife filed for Chapter 13 bankruptcy in May 2010, which was discharged March 2011.

{¶4} The home was sold in late December 2010 for $2,472.89 less than the combined mortgages. Husband learned of the deficiency balance at the time of closing, which Wife paid in full. Wife did not attempt to negotiate a lower payoff amount with the mortgage company. Subsequently, Wife filed a motion for contempt, seeking compensation from Husband for his failure to make payments on the first mortgage. After conducting hearings, the magistrate found Husband was financially liable to Wife, and the trial court overruled Husband's timely objections. Husband now appeals and raises eight assignments of error for our review. For ease of analysis, we rearrange and consolidate some of the assignments of error.

II

Assignment of Error Number Three

THE TRIAL COURT ERRED AS A MATTER OF LAW AS ITS DECISION ON THE MOTION OF SUSAN EXCEEDS THE CONCURRENT JURISDICTION OF THE COURTS OF THE STATE OF OHIO WHEN ADDRESSING A DISCHARGE IN BANKRUPTCY.

Assignment of Error Number Four

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, WHILE AWARDING JUDGMENT TO SUSAN AS THE DIVORCE DECREE DOES NOT CONTAIN "HOLD-HARMLESS" PROVISIONS CREATING A POST-DIVORCE OBLIGATION ON JOHN TO PAY A POST-DECREE FINANCIAL DEFICIENCY.

Assignment of Error Number Six

THE TRIAL COURT ERRED BY FINDING THAT THE DEFICIENCY PAID BY SUSAN AT THE TIME OF THE SALE OF THE MARITAL RESIDENCE WAS AN OBLIGATION TO A FORMER SPOUSE ADDRESSED IN A DIVORCE DECREE AND IS NON-DISCHARGEABLE IN THE BANKRUPTCY PROCEEDINGS.

**{¶5}** In his third, fourth, and sixth assignments of error, Husband argues that the trial court erred by (1) exceeding its jurisdiction when addressing the dischargeability of the mortgage debt, (2) creating a post-divorce obligation when the decree did not contain a "hold-harmless" provision, and (3) finding the past due mortgage payments were non-dischargeable debt.

**{¶6}** "Generally, absent an error of law, 'the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.'" *Cirino v. Cirino*, 9th Dist. No. 11CA009959, 2011-Ohio-6332, ¶ 7, quoting *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion indicates that the court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶7}** In our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. "An agreed divorce decree * * * is an agreement of the parties that is made an order of the court. Contract principles apply to the interpretation of such agreements, and the interpretations are reviewed de novo on appeal as questions of law." (Emphasis omitted.) *Miller v. Miller,* 9th Dist. No. 10CA0034-M, 2011-Ohio-4299, ¶ 22, quoting *Zimmer v. Zimmer*, 10th Dist. No. 00AP383, 2001 WL 185356, *2 (Feb. 27, 2001).

Jurisdiction

**{¶8}** Federal law determines whether a debt is non-dischargeable in bankruptcy. However, state and federal courts share concurrent jurisdiction to determine whether a debt should be characterized as non-dischargeable. *See Barnett v. Barnett*, 9 Ohio St.3d 47, 49-50 (1984), *modified by statute*, 11 U.S.C. 523(a)(15).

**{¶9}** To the extent that Husband argues that the trial court exceeded its concurrent jurisdiction because the federal bankruptcy court had already determined the debt was dischargeable, there is nothing in the record to support Husband's assertion that the bankruptcy court had already determined the mortgage debt was dischargeable. Husband filed a notice of his Chapter 7 bankruptcy discharge with the trial court. However, the notice did not indicate which debts were discharged. Therefore, the trial court was not precluded from deciding if the debt fell within §523(a)(15), making it non-dischargeable under federal law. *See Barnett* at 49-50.

**{¶10}** Husband further argues that the trial court exceeded its jurisdiction because Wife "did not object to the discharge or commence adversary proceedings to determine dischargeability [in federal court]." "However, with the enactment of BAPCPA, [the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,] a non-debtor spouse no longer has an affirmative duty to file an adversary proceeding when seeking to have a nondischargeability determination made pursuant to [11 U.S.C.] §523(a)(15)." *In re Holmes*, N.D.Ohio Nos. 08-3113 & 08-31595, 2009 WL 1586792, *2 (Feb. 20, 2009). The trial court was within its jurisdiction to decide if the debt should be characterized as non-dischargeable under federal law. *See Barnett*, 9 Ohio St.3d at 49-50. *See also* §523(a)(15).

Debt Between Former Spouses

**{¶11}** The divorce decree, in relevant part, provided the following:

Marital Residence. The parties are the owners of a residence located at 1410 West Market Street, Orrville, Ohio which shall be immediately listed for sale and sold. Upon sale the proceeds shall be applied to the first mortgage indebtedness due National City Bank, nka, PNC Bank, the home equity loan due National City Bank, nka, PNC Bank, any valid liens and expenses of sale. Thereafter, the net sale proceeds, if any, shall be divided fifty percent to each party.

If this residence has not been sold through a realtor by August 1, 2010 the same shall be advertised and sold at auction on September 1, 2010.

In the event of a short sale, each party shall be jointly liable on any deficiency and each party shall use their best efforts to pay such deficiency, however, either party may file bankruptcy proceedings, if otherwise eligible, in that regard.

Pending sale, [Husband] shall have exclusive possession of this residence. Debt service on the residence until sale be paid as follows: the first mortgage payable to National City Bank, nka, PNC Bank shall be paid by [Husband] and the home equity loan due National City Bank, nka, PNC Bank shall be paid by [Wife].

* * *

The court was advised that bankruptcy is being contemplated by [both parties] and nothing herein prevents either party from filing for bankruptcy protection or discharge regarding any of the debts set forth herein.

{¶12} Husband argues that the divorce decree intentionally did not contain any indemnification or "hold-harmless" language as it relates to the mortgage debt, and therefore, §523(a)(15) does not apply and the debt is dischargeable in bankruptcy. Wife argues the lack of "hold-harmless" language is not relevant and the debt is non-dischargeable because §523(a)(15) applies. We agree that the lack of indemnification language by itself is not dispositive of whether a debt falls within §523(a)(15), but it is a factor to consider when determining whether a debt even exists.

{¶13} The enactment of BAPCPA in 2005 made "any debt falling with[in] the scope of [11 U.S.C.] §523(a)(15) absolutely non[-]dischargeable." *In re Williams*, 398 B.R. 464, 468 (N.D.Ohio 2008).

To qualify as the type of marital debt excepted from discharge under §523(a)(15), the [party contesting the dischargeability of the debt] bears the burden to establish

the existence of three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in §523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record.

*Id*. We must first determine, therefore, "whether there is a debt owed within the meaning of the statute." *In re Gibson*, 219 B.R. 195, 203 (6th Cir.1998), quoting *In re Henson*, 197 B.R. 299, 302-303 (E.D.Ark.1996). Specifically, we must determine whether Husband has incurred a debt to Wife.

{¶14} An example of where Husband incurs a non-dischargeable debt under §523(a)(15) is when a divorce decree specifically requires Husband to "pay a third-party obligation directly to [Wife] or to hold [Wife] 'harmless' on a third-party obligation." *In re Gibson* at 202-203. This is because "[a] requirement in a divorce decree to hold harmless or indemnify a spouse for joint obligations incurred during a marriage creates a 'new' debt, running solely between the former spouses." *In re Williams* at 469. "[H]owever, the determination of whether a debtor incurs a debt in connection with a [divorce decree] is not limited to the use of hold harmless or other specific indemnification language." *In re Gibson* at 203.

{¶15} The Bankruptcy Code defines a "debt" as the "liability on a claim." 11 U.S.C. §101(12). The Code further defines a "claim" as a:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives right to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. §101(5). The United States Supreme Court has said that "a 'right to payment,' * * * 'is nothing more nor less than an enforceable obligation.'" *Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998). *See also In re Gibson* at 202.

{¶16} Here, the divorce decree required, while the sale of the home was pending, Husband to pay the first mortgage and Wife to pay the home equity loan. The language in this portion of the decree is firm; "[t]he first mortgage * * * shall be paid by [Husband] * * *." In contrast, the language used with respect to any deficiency balance created by a short sale is not absolute. Instead, that portion provided that "each party will use their best efforts to pay [half of] such deficiency." Under the plain language of the divorce decree, Wife had the right to seek enforcement of Husband's obligation to pay the first mortgage. Therefore, we conclude that Husband, in the divorce decree, incurred a debt in favor of Wife. *See In re Gibson*, 219 B.R. at 205. This debt is non-dischargeable under §523(a)(15), "notwithstanding that the debt is payable to a third party and the [divorce decree] lacks hold harmless or other indemnification language." *Id.*

{¶17} Husband argues that it was the express intent of both parties to file bankruptcy and to discharge all of the debt in the divorce decree. Moreover, Husband argues, the trial court had already determined the debts in the divorce decree were dischargeable in bankruptcy, and therefore, collateral estoppel prevented the court from revisiting the issue. The divorce decree provided the following provision:

> The court was advised that bankruptcy is being contemplated by [both parties] and nothing herein prevents either party from filing for bankruptcy protection or discharge regarding any of the debts set forth herein.

{¶18} To be clear, Husband was permitted to file bankruptcy with regard to his obligation on the first mortgage. *See In re Williams*, 398 B.R. at 469-470. The mortgage was a joint debt, owned by both Husband and Wife. Husband's bankruptcy discharged only his obligation to PNC Bank. *See id*. However, Husband is not permitted to discharge the "new debt" he incurred in the divorce decree in favor of Wife. "[W]here a spouse is obligated under a

separation agreement to pay a third-party debt, a debt in favor of the other spouse arises which is non[-]dischargeable under §523(a)(15), 'notwithstanding that the debt is payable to a third party and the Separation Agreement lacks hold harmless or other indemnification language.'" *Id.* at 469, quoting *In re Gibson*, 219 B.R. at 205. "[A]ny debt falling with[in] the scope of §523(a)(15) [is] absolutely non[-]dischargeable." *In re Williams* at 468.

**{¶19}** Because Husband incurred a debt in favor of Wife in the divorce decree, such debt is non-dischargeable under §523(a)(15). Further, the trial court was within its jurisdiction in so finding. Accordingly, Husband's third, fourth, and sixth assignments of error are overruled.

### Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING JOHN'S MOTION TO DISMISS THE MOTION OF SUSAN AS HER MOTION REQUESTED A MODIFICATION OF A DIVISION OF PROPERTY ORDER.

### Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING JOHN'S MOTION TO DISMISS AS THE DOCTRINE OF COLLATERAL ESTOPPEL PRECLUDED THE TRIAL COURT FROM MODIFYING ITS PRIOR DIVISION OF PROPERTY AND DEBT ORDER.

### Assignment of Error Number Seven

THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING JUDGMENT TO SUSAN AND AGAINST JOHN IN AN AMOUNT THAT EXCEEDS THE AMOUNT OF THE PAYMENT PAID BY SUSAN AT THE TIME OF THE SALE OF THE MARTIAL RESIDENCE.

**{¶20}** In his first, second, and seventh assignments of error, Husband argues that the court erred when it modified the divorce decree's division of martial property and abused its discretion when it determined the amount of the award. We disagree.

**{¶21}** We incorporate the standard of review set forth above. Accordingly, we review the trial court's decision to adopt the magistrate's decision for an abuse of discretion. *Cirino*,

2011-Ohio-6332, at ¶ 7, quoting *Barlow*, 2009-Ohio-3788, at ¶ 5. In conducting our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai*, 2009-Ohio-3139, at ¶ 18. The underlying matter is an agreed divorce decree, a contract, which is review de novo. *Miller*, 2011-Ohio-4299, at ¶ 22, quoting *Zimmer*, 2001 WL 185356, at *2.

**{¶22}** The court may not, absent consent by both parties, modify a property division incorporated into a divorce decree. R.C. 3105.171(I); *Straw v. Straw*, 9th Dist. No. 04CA008433, 2004-Ohio-4065, ¶ 4. However, a court may enforce its own orders, including divorce decrees. R.C. 3105.65(B); *Straw* at ¶ 4.

**{¶23}** Here, the trial court merely enforced the divorce decree and did not modify the property division. The divorce decree required, pending sale of the marital property, Husband to pay the first mortgage and Wife to pay the home equity loan. Both parties failed to comply. In its decision, the magistrate thoroughly detailed the current positions of the parties and what the positions of the parties would have been if they had both made payments on the loans as required by the terms of the divorce decree. In summary, the sale of the home resulted in a $2,472.89 deficiency, which was paid by Wife. If both parties had paid the respective mortgages the sale of the home would have netted each party $2,850.43. In total, Wife would have had an additional $5,323.32 if both parties had complied with the terms of the divorce decree. The court then made adjustments to this total, subtracting the deficit created by her failure to pay the home equity loan and Husband's portion of escrow refunds that had been paid to Wife.[1] In total, the

---

[1] The court found Wife received a total of $471.50 from two separate escrow refunds. The record is unclear as to whether Wife actually received two escrow refunds. However, neither party challenges this amount and the issue does not prevent the resolution of Husband's assignments of error.

court determined Wife would have had an additional $4,896.68 if the terms of the divorce decree had been obeyed by both parties.

{¶24} The trial court's order did not modify the property division in the divorce decree. Instead, the judgment granted to Wife was merely an amount she was entitled to under the terms of the decree. Further, the court did not abuse its discretion in calculating the award amount. Accordingly, Husband's first, second, and seventh assignments of error are overruled.

<u>Assignment of Error Number Eight</u>

THE TRIAL COURT'S DECISION AWARDING JUDGMENT TO SUSAN IN AN AMOUNT THAT EXCEEDS THE AMOUNT PAID BY SUSAN AT THE TIME OF THE SALE OF THE MARTIAL RESIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶25} In his eighth assignment of error, Husband argues that the court's award amount was against the manifest weight of the evidence. We disagree.

{¶26} A trial court's decision to adopt a magistrate's decision should not be reversed on appeal absent an abuse of discretion. *Cirino*, 2011-Ohio-6332, at ¶ 7, quoting *Barlow*, 2009-Ohio-3788, at ¶ 5. In our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai*, 2009-Ohio-3139, at ¶ 18. "When reviewing whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context." *Boggs v. Boggs*, 9th Dist. No. 3229-M, 2002 WL 432372, *1 (Mar. 20, 2002). In a challenge as to the weight of the evidence:

[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

(Alterations sic.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Manifest weight challenges the burden of persuasion. *Eastley* at ¶ 19.

**{¶27}** Husband argues that the court erred in entering a judgment for $4,896.68 because the decree specifically states that each party shall be liable for one half of any deficiency balance resulting from a short sale of the martial property. The deficiency balance was $2,472.89; therefore, according to Husband, he should only be liable for $1,236.45.

**{¶28}** While the divorce decree does expressly provide that Husband and Wife will each be responsible for 50% of any balance owed after a short sale, the decree also expressly requires Husband to pay the first mortgage on the property pending sale of the residence. As discussed above, the court arrived at the judgment amount by comparing the current financial positions of the parties to the financial position the parties would have been in had they both complied with the terms of the divorce decree. In reviewing the record, the figures used by the magistrate were testified to and reflected in the admitted exhibits. The judgment award granted in favor of Wife was not against the manifest weight of the evidence. Accordingly, Husband's eighth assignment of error is overruled.

<u>Assignment of Error Number Five</u>

> THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT SUSAN WAS ENTITLED TO JUDGMENT AGAINST JOHN AS THE TRIAL COURT LACKS JURISDICTION OVER PROPERTY OF THE BANKRUPTCY ESTATE THAT WAS NOT SCHEDULED, OR ANY PROPERTY THAT WAS ACQUIRED SUBSEQUENT TO THE FILING OF THE BANKRUPTCY PROCEEDINGS, AS SUCH PROPERTY DOES NOT VEST IN THE DEBTORS AND REMAINS THE EXCLUSIVE PROPERTY OF THE TRUSTEE OF THE BANKRUPTCY ESTATE. STATED DIFFERENTLY, THE TRIAL COURT'S DECISION EXCEEDS THE CONCURRENT JURISDICTION OF THE STATE COURTS AS SUSAN CANNOT RETAIN ANY MONEY COLLECTED AS SUCH MONEY MUST BE PAID TO THE TRUSTEE AND DISTRIBUTED AMONG ALL

UNSECURED CREDITORS THROUGH THE BANKRUPTCY PROCEEDINGS.

{¶29} In his fifth assignment of error, Husband argues that if the judgment is enforceable the award amount "constitutes unscheduled property that existed at the time of [Wife's] bankruptcy" and must be paid to the trustee. Specifically, the trial court had no "authority to award one party money that is due and owing to a trustee in bankruptcy."

{¶30} However, a court may enforce its own orders, including divorce decrees. R.C. 3105.65(B); *Straw* at ¶ 4. As discussed above, Husband's failure to pay the first mortgage while the sale of the marital home was pending was a breach of the terms of the divorce decree. The trial court's judgment sought to put Wife in the position she would have been if both parties had complied with the terms of the divorce decree. The trial court's judgment was merely an enforcement of the court's previous order, therefore, the court had jurisdiction to enter the judgment.

{¶31} To the extent that Husband argues the trial court had no "authority to award one party money that is due and owing to a trustee in bankruptcy," Husband cites no law to support the argument that the trial court had authority to determine whether the amount recovered by Wife was "unscheduled property." As this Court has repeatedly held, "[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Husband's fifth assignment of error is overruled.

III

{¶32} Husband's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

13

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JAMES M. RICHARD, Attorney at Law, for Appellant.

R. J. HULMUTH, Attorney at Law, for Appellee.