[Cite as *Kasper v. Kasper*, 2013-Ohio-3711.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

REBECCA TAYLOR KASPER

    Appellee

    v.

JOHN A. KASPER, JR.

    Appellant

C.A. No. 26755

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No. DR-2010-04-1053

DECISION AND JOURNAL ENTRY

Dated: August 28, 2013

WHITMORE, Judge.

{¶1} Appellant, John A. Kasper, Jr. ("Husband"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion to modify the order of spousal support. This Court affirms.

I

{¶2} Husband and Rebecca Taylor Kasper ("Wife") were married on November 25, 1989, and have three children from the marriage. Wife filed for divorce on April 13, 2010. At that time, the eldest child was already emancipated.

{¶3} On April 14, 2011, the court entered a final divorce decree. The decree awarded Wife spousal support in the amount of $4,500 a month, which would terminate "upon Husband's or Wife's death, Wife's remarriage or seventy-four (74) months whichever first occurs." The court retained jurisdiction to modify the amount or term of the spousal support "upon the change

of circumstances of a party, which includes, but is not limited to, any increase or involuntary decrease in the parties' wages, salary, bonuses, living expenses or medical expenses."

{¶4} On October 26, 2011, Husband filed a motion to modify his spousal support obligation. Subsequently, on March 1, 2012, Wife filed a motion to modify both the spousal and child support orders. After a hearing, the magistrate recommended the court deny both parties' motions. Husband filed objections, which were overruled by the court. The court held that "there has been no change of circumstance warranting a decrease in Husband's spousal support obligation." Husband now appeals and raises two assignments of error for our review. To facilitate our analysis, we rearrange his assignments of error.

II

Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO TERMINATE APPELLANT-HUSBAND'S SPOUSAL SUPPORT OBLIGATION ON THE BASIS OF APPELLEE-WIFE'S COHABITATION WITH HER FIANCÉ WHERE OHIO LAW SUPPORTS THE DOWNWARD MODIFICATION OF SPOUSAL SUPPORT TO ZERO REGARDLESS OF DEFINED TERMINATING-EVENT LANGUAGE SUCH AS "COHABITATION" IN THE DIVORCE DECREE.

{¶5} In his second assignment of error, Husband argues that the court erred in refusing to terminate his spousal support obligation in light of Wife's cohabitation. We disagree.

{¶6} "Generally, absent an error of law, 'the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.'" *Cirino v. Cirino*, 9th Dist. Lorain No. 11CA009959, 2011-Ohio-6332, ¶ 7, quoting *Barlow v. Barlow*, 9th Dist. Wayne No. 08CA0055, 2009-Ohio-3788, ¶ 5. In our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-Ohio-

3139, ¶ 18. A trial court's decision regarding the termination of spousal support is reviewed for an abuse of discretion. *Riley v. Riley*, 9th Dist. Summit No. 22777, 2006-Ohio-656, ¶ 9, quoting *Mottice v. Mottice*, 118 Ohio App.3d 731, 735 (9th Dist.1997). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶7} "'Cohabitation,' when used in a divorce decree as a condition for termination of spousal support, is used as a substitute for 'remarriage.'" *Jenkins v. Jenkins*, 9th Dist. Lorain No. 08CA009324, 2009-Ohio-75, ¶ 6, quoting *Gatto v. Gatto*, 9th Dist. Summit No. 17121, 1995 WL 434403, *1 (July 19, 1995). "'Cohabitation' is a term describing a lifestyle, not simply a housing arrangement." *Jenkins* at ¶ 7, citing *Dickerson v. Dickerson*, 87 Ohio App.3d 848, 850 (6th Dist.1993). "Courts typically look to three factors to determine whether a former spouse is cohabiting: '(1) an actual living together; (2) of a sustained duration; and (3) with shared expenses with respect to financing and day-to-day incidental expenses.'" *Guggenbiller v. Guggenbiller*, 9th Dist. Lorain No. 10CA009871, 2011-Ohio-3622, ¶ 8, quoting *Batcher v. Batcher*, 9th Dist. Summit No. 25314, 2011-Ohio-1509, ¶ 8.

{¶8} Subsequent to the divorce, Wife purchased a home with Jeffrey Graham. Graham and Wife are now engaged to be married and living together in the home. There is little dispute that Wife is cohabiting. Instead, Husband asserts that Wife's cohabitation should be treated as a remarriage and thus is a terminating event based on the language of the divorce decree.

{¶9} The divorce decree provides that "spousal support shall terminate upon Husband's or Wife's death, Wife's remarriage or seventy-four (74) months whichever first occurs." There is no language terminating Husband's support obligation based on Wife's cohabitation. Because the decree does not include such language, Wife's cohabitation is not an event that will

automatically terminate Husband's support obligation. Instead, her cohabitation is a factor for the court to consider in determining if a change in circumstances has occurred and, if so, whether a modification to the support order is warranted based on the change. *See Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶ 5-9 ("[W]hile a finding of cohabitation will result in an automatic termination of spousal support where the terms of the divorce decree so provide, cohabitation will constitute grounds for the modification of spousal support pursuant to R.C. 3105.18(E) only where that fact impacts the cohabitating [sic.] spouse's economic situation.").

{¶10} Because the divorce decree does not specify that Wife's cohabitation is a terminating event, Husband may not rely on such per se to terminate his spousal support obligation. Husband's second assignment of error is without merit and is overruled.

### Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CONCLUDING THAT APPELLEE-WIFE'S COHABITATION WITH HER FIANCÉ, AND RESULTING REDUCED LIVING EXPENSES, DID NOT CONSTITUTE A CHANGE IN CIRCUMSTANCE THAT WARRANTED A DOWNWARD MODIFICATION OF APPELLANT-HUSBAND'S SPOUSAL SUPPORT OBLIGATION.

{¶11} In his first assignment of error, Husband argues that the trial court abused its discretion in denying his request to modify his spousal support obligation. Specifically, Husband argues the trial court erred in finding there had been no change in circumstances.

{¶12} We incorporate the standard of review set forth above in Husband's second assignment of error. "A trial court's decision regarding spousal support will not be reversed on appeal absent an abuse of discretion." *Tufts v. Tufts*, 9th Dist. Summit No. 24871, 2010-Ohio-641, ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary

or unconscionable. *Blakemore*, 5 Ohio St.3d at 219. In conducting our review, we cannot substitute our judgment for that of the trial court. *Id*.

{¶13} To determine if an order for spousal support may be modified, the court must engage in a two-step analysis. *Tufts* at ¶ 8. First, the court must determine if it has jurisdiction to modify the support order. "A trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in the circumstances has occurred and (2) that the change was not contemplated at the time of the original decree." *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, paragraph two of the syllabus. "The word 'substantial' has been given various meanings by Ohio courts, such as 'drastic[ ],' 'material,' and 'significant.'" (Internal citations omitted.) *Id*. at ¶ 32. If the court concludes that it has jurisdiction, the court must then consider the statutory factors set forth in R.C. 3105.18(C) to determine whether the existing support order should be modified in light of the changed circumstances. *Ritzinger v. Ritzinger*, 9th Dist. Summit No. 26328, 2012-Ohio-5052, ¶ 5.

{¶14} Husband argues that R.C. 3105.18(E) does not require that the court find a substantial change in circumstance to invoke its jurisdiction. While Husband's literal reading of the statute is correct, he ignores binding Ohio Supreme Court precedent. "Although R.C. 3105.18(F) sets forth a partial listing of what can be considered as a change in circumstances to include 'any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses' for purposes of establishing trial court jurisdiction, it does not alter the requirement that a trial court must find a substantial change in circumstances before modifying a prior order for spousal support." *Mandelbaum* at paragraph one of the syllabus.

**{¶15}** Here, in the divorce decree, the trial court expressly reserved jurisdiction over the award of spousal support. However, after a hearing on the parties' motions to modify, the court concluded that there had been no change in circumstances. Thus, the court was without jurisdiction to modify the order of spousal support and did not need to consider the statutory factors set forth in R.C. 3105.18(C).

**{¶16}** Husband argues that the court erred in failing to find that Wife had a reduction in monthly expenses and that this is a change in circumstances. Specifically, Husband asserts the court erred in: (1) finding Wife's cohabitation has not drastically reduced her expenses; (2) not reducing or disallowing certain expenses; and (3) considering expenses which Wife has voluntarily increased.

**{¶17}** In the divorce decree, the court found Wife's monthly expenses to be $7,703. Wife's financial affidavit filed with her motion to modify the support order listed her current monthly expenses as $10,687. After a hearing, the court found that Wife's expenses had "not substantially decreased since the [ ] divorce." In fact, the court found that Wife has had an increase in expenses "from the purchase of a new home, incurring a deficiency debt from the sale of the martial home, the purchase of a new vehicle and the children's activities."

**{¶18}** At the time of the divorce, Wife was living in the martial home with the children. According to the divorce decree, Wife was responsible for the first mortgage, taxes, and utilities until the property was sold. Husband was responsible for the second mortgage. Wife testified that the monthly primary mortgage payment was $2,274, and the admitted exhibit reflects her monthly utility expenses were approximately $700. Therefore, Wife's total monthly housing expense, at the time of the divorce, was approximately $2,974.

{¶19} The martial home sold for $70,000 less than what was owed, and the parties divided this deficiency debt evenly. Husband borrowed money from his parents, and Wife obtained a loan from Fifth Third Bank. Wife's monthly payment is $97.85. Subsequent to the sale of the marital home, Wife temporarily moved into Graham's home in Silver Lake. Less than two months later, Graham and Wife purchased a home in the Woodridge School District as required by the parties' shared parenting plan that was incorporated into the divorce decree. Wife explained that she had looked for rental units in the school district, but that the only three bedroom option was in a low-income housing section.

{¶20} Wife testified that the current housing expenses, totaling $4,152, are shared with Graham. Divided evenly, Wife's portion is $2,076. Included in the total housing expense figure, Wife listed $1,262 for "cleaning, maintenance, [and] repair[s]." She stated that this figure for repairs reflected an average monthly expense since they moved into the house. However, Wife testified that neither she nor Graham were currently paying for repairs because they could not afford to do so. Husband argues that the court should not have included this expense because Wife was not currently paying it.

{¶21} Wife testified that several of the expenses listed in her affidavit were not currently being paid because she did not have the funds. Among the list of things not currently being paid were: (1) her share of the home cleaning, maintenance, and repairs; (2) her state and federal taxes; (3) her attorney's fees; and (4) tuition.

{¶22} There was no testimony regarding the types of repairs needed or an estimate of the cost of the remaining repairs. Assuming arguendo that Husband's argument has merit, Wife's monthly housing expense should be reduced by $631. Wife's current monthly expenses would then total $10,056.

{¶23} Similar to his argument about the housing repairs, Husband argues that the court should have deducted Wife's expenses for taxes and attorney's fees because she is not paying these bills. However, the mere fact that a bill is not being paid in and of itself cannot mean that the bill is not an expense that should be considered. Absent a discharge of this debt, Wife is responsible for payments on it.

{¶24} Husband further argues that Wife's $600 estimate of tuition expenses should have been removed. Wife testified that she has been able to find free online courses and no longer has $600 a month in tuition expenses. Deducting this amount, Wife's currently monthly expenses would total $9,456.

{¶25} Husband argues the court erred by failing to reduce Wife's food expense to a reasonable amount. At the modification hearing, Wife testified that as a household of eight they spend $2,358 a month in groceries. Wife listed half, or $1,179, on her financial affidavit. At the time of the divorce, Wife estimated she spent $900 a month in groceries. Husband argues this is an unreasonable increase and should have been discounted by the trial court. However, Wife testified that E.S., their eldest dependent, has been spending most of her time at Wife's house and has therefore increased her monthly expenses. Husband testified that there was a period of time when E.S. was not visiting him. He explained that, after attending counseling, visitation has resumed, but, according to the shared parenting plan, the visitation schedule is at his and E.S.'s discretion. He testified that because of transportation issues and her various school activities, E.S. primarily stays at Wife's house during the school year.

{¶26} In addition, Husband argues certain other monthly expenses should have been excluded. Specifically, Husband argues that the court should not have considered certain marital debt that was divided in the divorce. However, Husband provides no authority to support his

argument that these expenses were improperly included in Wife's monthly expense sheet. Instead, Husband argues theses expenses were "already considered in awarding spousal support." If such expenses were contemplated at the time of the divorce, this would support the court's finding that no substantial change in circumstances had occurred. *See Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, at paragraph two of the syllabus ("A trial court lacks jurisdiction to modify a prior order of spousal support * * * unless the court finds (1) that a substantial change in the circumstances has occurred and (2) that the change was not contemplated at the time of the original decree.").

{¶27} Lastly, Husband argues that Wife's expenses should be reduced because she has voluntarily increased her expenses by purchasing a new car and on the children's extracurricular activities. Specifically, Husband argues that the court should have deducted the $523.67 listed for her car payment, and the $400 a month in expenses for the children's extracurricular activities.

{¶28} Even assuming these expenses are removed, Wife's monthly expenses would not be less than $7,703. After a review of the record, we conclude there is ample evidence to support the trial court's finding that Wife's expenses as a whole have not decreased since the divorce. In other words, the record supports the trial court's conclusion that there has not been a substantial decrease in Wife's expenses since the divorce. Accordingly, the court did not abuse its discretion in finding there had been no substantial change in circumstances. Husband's first assignment of error is overruled.

III

{¶29} Husband's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD A. RABB and KAITLYN D. ARTHURS, Attorneys at Law, for Appellant.

LESLIE S. GRASKE, Attorney at Law, for Appellee.