[Cite as *In re Marriage of Heidnik*, 2013-Ohio-1289.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF<br>MARSHA L. HEIDNIK, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellee, | | **CASE NOS. 2012-L-031** |
| | : | **and 2012-L-049** |
| and | | |
| | : | |
| JEFF J. HEIDNIK, | | |
| | : | |
| Petitioner-Appellant. | | |

Civil Appeals from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 06 DI 000062.

Judgment: Reversed and remanded.

*Sandra A. Dray*, Sandra A. Dray Co., L.P.A., 1111 Mentor Avenue, Painesville, OH 44077 (For Petitioner-Appellee).

*Kenneth J. Cahill*, Dworken & Bernstein, 60 South Park Place, Painesville, OH 44077 (For Petitioner-Appellant).

DIANE V. GRENDELL, J.

{¶1} Petitioner-appellant, Jeff J. Heidnik, appeals from the March 13, 2012 Judgment Entry of the Lake County Court of Common Pleas, Domestic Relations Division, rejecting the Magistrate's Decision ordering child support to be paid by petitioner-appellee, Marsha L. Heidnik, and that court's April 23, 2012 Entry, denying Jeff's Motion for New Trial. The issue to be determined in this case is whether a party may file a motion to modify or terminate child support under an existing shared

parenting plan without first filing a motion to modify the shared parenting plan or a motion to reallocate parental rights and responsibilities. For the following reasons, we reverse the decision of the court below and remand for further proceedings consistent with this opinion.

{¶2} On January 23, 2006, a Petition for Dissolution was filed in the Lake County Court of Common Pleas, Domestic Relations Division, seeking the dissolution of the marriage of Jeff and Marsha, who had two children together, C.H., born April 11, 1991, and J.H., born January 28, 1993. The Petition included a Separation Agreement, a Shared Parenting Plan, and a completed Child Support Worksheet.

{¶3} On March 16, 2006, a Decree of Dissolution of Marriage/Shared Parenting Decree was filed, in which the trial court found that the Separation Agreement was fair, just, and equitable. The court further found that the Shared Parenting Plan resolved "all issues regarding the allocation of parental rights and responsibilities and support for the minor children." The court incorporated the Shared Parenting Plan and the Separation Agreement into the Decree and dissolved the marriage.

{¶4} Pursuant to the Shared Parenting Plan, Jeff was required to pay child support in the amount of $217.38 per month, per child, until the sale of the marital residence. Upon the sale, father was to begin paying $435.47 per month, per child. Both parents were also designated residential parent and legal custodian of the children, and the children were to make their legal residence with Marsha for the purposes of school. The children were to have parenting time with Jeff on alternating weekends and on one weekday per week.

2

{¶5} On March 26, 2009, a Notice to Court of Child Support Enforcement Division's Findings and Recommendations was filed, in which the Lake County Child Support Enforcement Division noted that Jeff had informed them, through a letter, that the children were presently residing with him. It recommended that a hearing be held on the administration of the support order.

{¶6} Following a hearing before a magistrate on May 12, 2009, a Magistrate's Decision was issued on June 5, 2009. In that decision, the magistrate found that Jeff's support obligation should be suspended until further order of the court. The trial court adopted this decision on June 15, 2009.

{¶7} On October 26, 2010, Jeff filed a Motion for Child Support, requesting that Marsha be ordered to pay support from a period of April 11, 2010, until the emancipation or graduation of the children, based on the "transfer of possession of the children." Attached to the Motion was a signed agreement between Jeff and Marsha, in which the parties agreed they would petition the court to have the custodial parent changed for the purpose of Jeff collecting child support. It also stated that "in lieu of mother paying father child support" from March 1, 2009, through April 10, 2010, she would sign the title of a 2005 Toyota Corolla over to Jeff.

{¶8} A hearing on the Motion for Child Support was held on June 9, 2011, and July 18, 2011. No transcript of that hearing was filed. Regarding the testimony presented, as outlined in the Magistrate's Decision, Jeff testified that both of the children moved in with him in March 2009. Jeff also testified that he reached an agreement with Marsha, in which she would pay child support while the children were living with him, and would give him the Corolla, as outlined in the written agreement. Marsha testified

that both children left her residence in February 2009, to move in with Jeff. She concurred with Jeff's assertion regarding the car.

{¶9}    In the November 3, 2011 Magistrate's Decision, the magistrate found that it was "in the best interest of the children that mother be designated as the obligor for child support purposes." The magistrate also found that child support could not be awarded retroactively to April 11, 2010, as requested by Jeff. Instead, child support was found to be payable to Jeff as of the date the Motion for Child Support was filed, October 26, 2010, until the date of J.H.'s emancipation on June 5, 2011.[1] Marsha was ordered to pay child support for that time period, in the sum of $668.04 per month.

{¶10}  On November 16, 2011, Jeff filed Objections to the Magistrate's Decision, arguing, inter alia, that child support should have commenced on April 11, 2010.

{¶11}  The trial court issued a Judgment Entry on March 13, 2012. In that Entry, the court noted that no transcript had been filed and that the facts are as determined by the magistrate. In that Entry, the trial court found that "[a]bsent an Agreed Entry as to modification of the parenting plan as to residential parent or a timely motion for modification of the parenting plan pursuant to Revised Code 3109.04, Father's October 26, 2010 motion to modify child support is not warranted and is premature." The court noted that since Jeff did not file a motion to modify the parenting plan prior to requesting modification of child support, this request was contrary to the parenting plan already in effect. The trial court found Jeff's objections to be not well-taken and also rejected the Magistrate's Decision. It held that the June 15, 2009 order "suspending the charging, collection and enforcement of child support remains in full force and effect."

---

1. No support was ordered as to C.H, presumably because, as argued by Marsha, he turned 19 in April 2010, and graduated from high school prior to October 26, 2010.

4

{¶12} Jeff subsequently filed a Motion for New Trial, arguing the trial court's judgment was contrary to law.

{¶13} On April 23, 2012, the trial court issued a Judgment Entry denying the Motion for New Trial, holding again that the trial court did not have jurisdiction to modify child support since a motion to modify the parental rights and responsibilities in the shared parenting plan was not filed.

{¶14} Jeff timely appeals and raises the following assignments of error:

{¶15} "[1.] Whether father's failure to petition the court to change the custodial parent designation is fatally defective to his ability to collect child support for the children in his actual physical plac[e]ment.

{¶16} "[2.] Whether the trial court abused its discretion when it denied appellant's motion for new trial."

{¶17} Jeff's assignments of error will be addressed jointly, since they raise related arguments regarding the trial court's application of the law.

{¶18} Generally, "[w]hen reviewing an appeal from a trial court's decision to adopt, or not adopt, a magistrate's decision, this court must determine whether the trial court abused its discretion." *In re Ratliff,* 11th Dist. Nos. 2001-P-0142 and 2001-P-0143, 2002-Ohio-6586, ¶ 14. Regarding the Motion for New Trial, this court has also reviewed "a trial court's judgment on a Civ.R. 59 motion for new trial under the abuse of discretion standard." *D.A.N. Joint Venture III, L.P. v. Med-XS Solutions, Inc.*, 11th Dist. No. 2011-L-056, 2012-Ohio-980, ¶ 32.

{¶19} However, in the present matter, the error raised by Jeff is a legal issue, in that it is related only to whether a motion to modify the parties' child support obligations

can be granted in the absence of filing a corresponding motion to modify the shared parenting plan. "Courts review questions of law de novo." (Citation omitted.) *Ivancic v. Enos*, 11th Dist. No. 2011-L-050, 2012-Ohio-3639, ¶ 48; *Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346, 604 N.E.2d 808 (2nd Dist.1992) ("where a trial court's order is based on an erroneous standard or a misconstruction of the law, * * * an appellate court may properly substitute its judgment for that of the trial court"); *Cooper v. Moran*, 11th Dist. No. 2010-L-141, 2011-Ohio-6847, ¶ 12 (because a decision denying a new trial based on grounds that the decision was contrary to law presents a question of law, we review this aspect of appellants' argument de novo).

**{¶20}** In his first assignment of error, Jeff argues that the trial court erred in holding that he was not entitled to child support under his Motion for Child Support because he failed to first file a motion to modify the shared parenting plan. In his second assignment of error, he asserts that the trial court erred by denying his Motion for New Trial, since that holding was contrary to law.

**{¶21}** Marsha argues that a change in custody was required to grant Jeff's Motion for Child Support, since the requested change altered the obligor/obligee relationship in the existing shared parenting plan.

**{¶22}** The trial court held that a motion to modify the shared parenting plan was required prior to the filing of the motion for the change in child support, although it did not provide supporting law in its judgments regarding this holding. Essentially, the trial court found that Jeff could not be awarded child support since he did not file a separate motion to modify the custody arrangement.

6

{¶23} Regarding a decree of dissolution, the trial court "has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children * * * [and] to child support * * *." R.C. 3105.65(B).

{¶24} "Once a shared-parenting decree has issued, R.C. 3109.04(E) governs modification of the decree." *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 11. Pursuant to R.C. 3109.04(E)(1)(a):

{¶25} The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.

{¶26} Moreover, pursuant to R.C. 3109.04(E)(2)(b):

{¶27} The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make

7

any modification to the plan under this division, unless the modification is in the best interest of the children.

{¶28} As an initial matter, both the court and Marsha addressed the issue of whether the court had jurisdiction in this matter. In its Judgment Entry denying Jeff's Motion for New Trial, the trial court stated that a "motion to modify the reallocation of parental rights and responsibilities in the Heidnik's shared parenting plan was never filed to invoke" the court's continuing jurisdiction under Civ.R. 75(J). Civ.R. 75(J) states the following: "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6."

{¶29} As noted previously, R.C. 3105.65 allows the trial court to retain jurisdiction over matters related to child support. It cannot be said that Jeff failed to properly invoke the continuing jurisdiction of the court under Civ.R. 75(J), since he did file a motion in the original action, by filing the Motion for Child Support. Moreover, to the extent that Marsha asserts a lack of jurisdiction, based on the record before this court, it does not appear she contested this below and the argument is waived. *In re Seitz*, 11th Dist. No. 2002-T-0097, 2003-Ohio-5218, ¶ 16-18 (regarding Civ.R. 75(J), the appellant "voluntarily waived the defense of lack of jurisdiction and submitted herself to the court's jurisdiction by arguing the merits of" the pending motion). We find that the Motion for Child Support was sufficient to invoke the jurisdiction of the trial court.

{¶30} We turn now to the merits of the argument that a motion for modification of child support cannot be considered and granted without the filing of a separate motion for modification of custody or parental rights under the shared parenting plan. Motions

8

for modification of child support alone are frequently filed when a party wants to reduce or suspend his or her obligation based on a change in circumstances. *See Davis v. Davis*, 2nd Dist. No. 14184, 1994 Ohio App. LEXIS 2674, *8-9 (June 24, 1994) (the trial court had jurisdiction to rule on a motion to suspend a party's child support obligation); *Anthony v. Anthony*, 11th Dist. No. 98-L-222, 1999 Ohio App. LEXIS 5759, *9-11 (Dec. 3, 1999) (considering the merits of a motion for modification of child support in a case involving a shared parenting plan without modification of the shared parenting plan). However, we do note that this case is somewhat different, since Jeff did not seek to decrease the amount of support he owed as obligor under the initial shared parenting plan, but sought the termination of his obligation and an order that Marsha begin payment.[2]

{¶31} As stated previously, no legal support has been provided for the specific contention that a change of custody was necessary to modify the support obligations. In the present circumstances, a change in custody was not required for the court to order Marsha to pay child support. In *Kilgore v. Kilgore*, 11th Dist. Nos. 2008-A-0006 and 2008-A-0008, 2008-Ohio-5858, this court found that when the father was designated residential parent for school purposes under a shared parenting plan and had possession of the child for more time than the mother, this "does not necessarily mean that" the mother was required to be the obligor for the purposes of child support. *Id.* at ¶ 25. The court held that "the time the child is with one parent as opposed to the other is just one of several factors to consider" in determining whether support was appropriate. *Id.* This court further emphasized that in a shared parenting plan, "both

---

2. We note that Jeff's obligation was suspended, but not terminated, by the trial court on June 15, 2009, since both parties confirmed the children had been living with Jeff since February 26, 2009.

9

parents are considered residential parents at all times." *Id. See also Cameron v. Cameron*, 10th Dist. No. 06AP-793, 2007-Ohio-3994, ¶ 12 (since both parents are residential parents in a shared parenting plan, designation as residential parent is not required for a parent to be the child support obligee as opposed to the obligor). Therefore, a change in legal custody should not be required for modification of child support in the present case and it was not required that a change in the shared parenting plan be made to designate Jeff as either the children's residential parent for the purposes of school or legal custodian. Both parties were specifically designated residential parents and legal custodians of the children in the original shared parenting plan, with the mother providing their legal residence for the purposes of school. Since both parents were residential parents, the court could determine that either had a child support obligation, based on the facts presented to the court.

{¶32} Marsha also argues that, pursuant to R.C. 3119.88, Jeff's child support obligation should not have been terminated without a finding of a change of custody. Under that statute, "[r]easons for which a child support order should terminate include * * * change of legal custody of the children." R.C. 3119.88(H).

{¶33} While the foregoing statute does contain a list of circumstances under which support should terminate, including the change of custody, it has been held that R.C. 2119.88 "is not an exhaustive or exclusive list and that a trial court has the discretion to apply the statute to other factors or circumstances it deems relevant." *O'Neill v. Bowers*, 9th Dist. No. 21950, 2004-Ohio-6540, ¶ 17. In the present matter, the magistrate essentially made the finding that the children lived with the father for the purposes of determining the change in child support. There was no conflict between the

parties in their testimony that the children had been living with Jeff. As discussed above, this could be sufficient to find that it was proper to terminate Jeff's obligation to pay support and require Marsha to pay support, given that both parents were residential parents with legal custody of the children. Although Marsha cites to *Smith v. McLaughlin*, 9th Dist. No. 24890, 2010-Ohio-2739, for the proposition that a legal custody determination must be made to terminate a child support obligation, we note that this case is distinguishable. In that case, no shared parenting plan was involved, and, therefore, only one parent had legal custody. Moreover, in that matter, the court found that a father was required to pay support when the child moved in with a third party, whereas in the present matter, the children moved into Jeff's home, presumably altering the expenses of both Jeff and Marsha as they related to the care of the children. We also note that in the present matter, the trial court did not reach the merits of the change of custody issue in its March 13, 2012 Judgment Entry rejecting the Magistrate's Decision, since it rejected the order solely based on the finding that Jeff's filing of a motion for child support without a modification of the shared parenting plan was improper. Therefore, the trial court must review the factual issues related to the change of custody upon remand.

{¶34} Finally, it was held by the trial court that an amended shared parenting plan or a motion for reallocation of parental rights and responsibilities must be submitted to alter the child support obligation contained in the existing shared parenting plan. As noted previously, a change in custody was not required, so it was not necessary to modify the shared parenting plan to address that matter. Regarding the change of the plan to alter the parties' support obligations, regardless of whether Jeff specifically

11

moved for modification of the shared parenting plan, the lower court had the ability to alter the shared parenting plan to modify the support obligation. Pursuant to R.C. 3109.04(E)(2)(b), a court may modify the terms of the shared parenting plan at any time, upon its own motion, provided the modification is in the best interest of the children. The Ohio Supreme Court has held that the designation of a residential parent or legal custodian cannot be a term of shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b), but further held that elements of the shared parenting plan, such as the amount of child support owed, can be modified under that provision. *Fisher*, 116 Ohio St.3d 53, 2007-Ohio-5589, at ¶ 30-31. Therefore, it appears that, even if a motion to specifically modify the shared parenting plan to change the child support obligations was not filed, the trial court could have acted to modify the shared parenting plan to reflect the change in support.

{¶35} Pursuant to R.C. 3109.04(E)(2)(b), a best interest finding was required to make such a modification. In the present matter, the magistrate found it was "in the best interest of the children that mother be designated as the obligor for child support purposes." Although specific best interest findings were not made, the trial court did not return the matter to the magistrate to either make specific best interest findings or for an evidentiary hearing. Instead, it simply denied the request for support based on the separate legal issue raised in this appeal and did not reach the merits of the child support determination. While it may be asserted that R.C. 3109.04(E)(2)(b) states that the trial court "may modify" the order, in the present matter, the trial court did not even consider in its March 13, 2012 Judgment Entry whether modification of the child support order was proper, since it rejected the order based on the finding that Jeff was required

12

to first file a motion to modify the shared parenting plan. Therefore, to the extent that such a best interest finding was necessary, it should be determined below upon remand.

{¶36} It must be emphasized that to simply deny Jeff's Motion for Support would require him to file a new motion, seeking to alter the shared parenting plan and start the process over again. This does not appear to be an effective use of the court's time and resources, when the issue could have been addressed based on the motion which had already been filed and upon which a hearing had been held.

{¶37} Based on the foregoing, we find that the trial court's reversal of the Magistrate's Decision, based on its legal finding that Jeff's failure to file a motion to modify the shared parenting plan warrants dismissal of his Motion for Child Support, was improper. We reverse the trial court's judgment, rejecting the Magistrate's Decision in its entirety, based on its conclusion that Jeff was required to file a motion to modify the shared parenting plan prior to requesting modification of the child support. We remand to the trial court to consider the merits of the support finding, whether they were in the children's best interest, and to determine whether the Magistrate's Order should be adopted based on the merits. Since the court did not consider the merits of the Magistrate's Decision related to the child support determination, this issue has not yet been decided and must be evaluated upon remand.

{¶38} To the extent that the trial court denied Jeff's Motion for New Trial based on the same grounds, that finding is also reversed. Pursuant to Civ.R. 59(A), "[o]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and

13

conclusions of law or make new findings and conclusions, and enter a new judgment." Therefore, as discussed above, the trial court must act in accordance with the foregoing analysis in this case and enter a new judgment accordingly.

{¶39} The first and second assignments of error are with merit.

{¶40} For the foregoing reasons, the March 13, 2012 Judgment Entry of the Lake County Court of Common Pleas, Domestic Relations Division, rejecting the Magistrate's Decision and that court's April 23, 2012 Entry, denying Jeff's Motion for New Trial, are reversed and the matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.