[Cite as *Kreuzer v. Kreuzer*, 2015-Ohio-3253.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Susan Kreuzer n.k.a. Hughes,      :

       Plaintiff-Appellant,       :        No. 14AP-931
                                                     (C.P.C. No. 95DR-3644)

v.                                :

                                        (REGULAR CALENDAR)

Robert Kreuzer,               :

       Defendant-Appellee.      :

---

D E C I S I O N

Rendered on August 13, 2015

---

*Gregg R. Lewis* and *Sonya S. Marshall*, for appellant.

*Christopher J. Minnillo*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Susan Kreuzer n.k.a. Hughes, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying Hughes's motion for contempt. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This dispute between Hughes and defendant-appellee, Robert Kreuzer ("Kreuzer"), was initiated as a divorce case in 1995. A judgment entry and decree of divorce (the "decree") was filed in 1996. The decree divided marital assets and debts, granted custody of the parties' minor child to Hughes, and ordered Kreuzer to pay child support. Since the filing of the decree, there have been many post-decree motions. As pertinent here, on June 9, 2005, Hughes filed a motion for an order finding Kreuzer in contempt. On October 11, 2005, Hughes filed a motion to modify child support. And on

July 5, 2007, Hughes filed a motion for attorney fees in the amount of $20,000 pursuant to R.C. 3105.73(A). Hughes asserted in the motion that an award of attorney fees would allow her to "fully litigate her rights and adequately protect her interests."

{¶ 3} On June 27, 2008, the trial court filed a judgment entry resolving the June 2005 motion to find in contempt, the October 2005 motion to modify child support, the July 2007 motion for attorney fees, and numerous other motions. The trial court found Kreuzer to be in contempt for his failure to comply with a prior order of the court, modified the amount of child support, and awarded Hughes $16,500 in attorney fees. As to the award of attorney fees, the trial court ordered Kreuzer to pay Hughes, through the office of her attorney, "said fees at a rate of $450.00 per month until the entire sum of $16,500.00 is paid in full. Payment is due on the first day of each month, beginning August 1, 2008." (June 27, 2008 Judgment Entry, 17.)

{¶ 4} On or about August 14, 2009, Kreuzer filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code. In the bankruptcy court filings, Kreuzer identified Hughes's attorney, Gregg R. Lewis, as a creditor holding an unsecured nonpriority claim in the amount of $16,500. On November 17, 2009, the United States Bankruptcy Court for the Southern District of Ohio entered an order granting Kreuzer a discharge under 11 U.S.C. 727 (the "discharge order"). The discharge order does not specifically identify which debts of Kreuzer's were discharged.

{¶ 5} After the trial court filed its June 2008 judgment entry, the parties filed various motions. As pertinent to this appeal, Hughes filed, in March 2011, a motion for an order finding Kreuzer in contempt for his failure to pay Hughes's attorney fees as previously ordered by the trial court. Additionally, in August 2011, Hughes filed a "Motion for Issuance of Date for Payment of Attorney's Fees" ordered pursuant to the trial court's June 2008 judgment entry. The memorandum in support of this motion states in part: "Defendant was ordered to pay attorney's fees in the amount of $16,500.00 pursuant to the June 27, 2008 Judgment Entry * * *. The Judgment Entry fails to specify a date for completion of payment. Defendant has failed to pay this obligation."[1] After the

---

[1] We read the June 2008 judgment entry to specify a payment schedule. It appears, however, the parties and the trial court interpreted the judgment entry differently.

filing of these motions, the parties briefed the issue of whether Kreuzer's attorney fees obligation was not discharged in bankruptcy because it was a domestic support obligation.

{¶ 6} On March 29, 2012, the trial court filed a judgment entry resolving the pending motions. As to Hughes's March 2011 motion for an order finding Kreuzer in contempt, the trial court found Hughes failed to prove that Kreuzer was in contempt of the court's order relating to attorney fees. In this regard, the trial court stated: "The [June 2008] judgment entry did not include a date for payment in part of [sic] full. The parties stipulated that the defendant failed to pay the attorney fees. Therefore, the defendant cannot be in contempt for failing to comply with an order that is not definite and certain as to date of payment in whole or part." (Mar. 29, 2012 Judgment Entry, 2.) As to Hughes's August 2011 motion for an order to specify a date for completion of payment of the attorney fees obligation, the court resolved that "the failure to include a date for payment was clerical error." (Mar. 29, 2012 Judgment Entry, 3.) Invoking Civ.R. 60(A), the court found it "essential to correct the clerical error to state dates certain for the defendant to pay the attorney fees." (Mar. 29, 2012 Judgment Entry, 3.) The court noted that "this order is effective only as of the date of this judgment, and is not retroactive to the date of the prior judgment for purposes of enforcing a motion for contempt." (Mar. 29, 2012 Judgment Entry, 3.) The court ordered that "the Judgment Entry of June, 2008, is amended nunc pro tunc to add as an additional order that the defendant pay to plaintiff as and for attorney fees $690 by December 31, 2008, $1380 on December 31, of each of the following years, 2009, * * * 2019, and the balance on December 31, 2020, plus interest at the statutory rate until paid in full." (Mar. 29, 2012 Judgment Entry, 5.) Apparently because the March 2012 judgment entry purported to amend the June 2008 judgment entry to add an attorney fees payment obligation after Kreuzer had filed for bankruptcy, the trial court did not address, in the March 2012 judgment entry, the previously briefed issue of the dischargeability of Kreuzer's attorney fees obligation.

{¶ 7} On February 1, 2013, Hughes filed a motion for an order finding Kreuzer in contempt of the judgment entries filed in June 2008 and March 2012. Citing the attorney fees payment requirements set forth in the March 2012 judgment entry, Hughes asserted that Kreuzer failed to pay the attorney fees as ordered. Hughes further asserted that

Kreuzer failed to pay the attorney fees as ordered in the June 2008 judgment entry. In view of the substance of Hughes's motion, the parties again briefed the issue of whether Kreuzer's obligation to pay Hughes's attorney fees was not discharged in bankruptcy because it was a domestic support obligation.

{¶ 8} On March 26, 2014, the trial court held a hearing on Hughes's February 2013 motion for contempt. Counsel for Hughes called Kreuzer as a witness, as if on cross-examination, and asked him about the March 2012 order regarding attorney fees. Kreuzer acknowledged he had not paid any of the amounts required to be paid pursuant to the March 2012 order. When asked why he had not made any payments, Kreuzer stated that he "was unable to," and he had to file for bankruptcy protection. (Mar. 26, 2014 Tr. 8.) Kreuzer further explained that he understood the debt to be discharged as part of the bankruptcy matter, thereby absolving his obligation to pay the attorney fees.

{¶ 9} On November 3, 2014, the trial court filed an entry denying Hughes's motion for contempt. The court's November 2014 entry first analyzed the validity of the court's March 2012 entry, to the extent that entry purported to amend the June 2008 entry to specify dates and amounts for payment of the $16,500 in attorney fees. The court recognized that while Civ.R. 60(A) permits a court to correct clerical mistakes in judgments or orders, the rule does not authorize substantive changes. The court determined that the March 2012 entry substantively modified the June 2008 entry, and, thus, was an improper application of Civ.R. 60(A). The court resolved that the nunc pro tunc entry was not an "appropriate vehicle for making" the "2008 order more specific and thus enforceable." (Nov. 3, 2014 Judgment Entry, 5.) Based on this determination, the court resolved that Kreuzer could not be found in contempt of the attorney fees order contained within the March 2012 entry. Thus, the court then analyzed whether Kreuzer was in contempt of the June 2008 order regarding attorney fees. The court's analysis of that issue centered on whether the attorney fees obligation was discharged in bankruptcy in 2009, considering the exception to discharge set forth in 11 U.S.C. 523(a)(5). The court concluded that the attorney fees obligation was discharged in bankruptcy because Hughes failed to demonstrate the attorney fees award was in the nature of alimony, maintenance, or support, and, therefore, non-dischargeable pursuant to 11 U.S.C. 523(a)(5). On this

basis, the court found Kreuzer not in contempt of the June 2008 order regarding attorney fees.

{¶ 10} Hughes filed a timely notice of appeal.

## II. Assignment of Error

{¶ 11} Hughes assigns the following error for our review:

> The Trial Court erred as a matter of law in finding that Appellee's attorney's fees obligation was not in the nature of support, alimony, maintenance or support, and thus dischargeable in bankruptcy.

## III. Discussion

{¶ 12} Hughes's sole assignment of error asserts the trial court erred in finding Kreuzer's attorney fees obligation dischargeable in bankruptcy because it was not in the nature of alimony, maintenance, or support. According to Hughes, Kreuzer's attorney fees obligation is a domestic support obligation and, therefore, constitutes a non-dischargeable debt pursuant to 11 U.S.C. 523(a)(5). Kreuzer argues in response that Hughes failed to present sufficient evidence demonstrating the obligation was in the nature of alimony, maintenance or support, and, therefore, the trial court correctly determined that 11 U.S.C. 523(a)(5) did not preclude the obligation's discharge in bankruptcy. For the reasons that follow, Hughes's assignment of error is not well-taken.

{¶ 13} The United States Constitution, Article I, Section 8 specifically grants to the Congress of the United States the authority to establish "uniform laws on the subject of bankruptcies throughout the United States." The Tenth Amendment to the United States Constitution provides for a reservation of certain powers to the "States respectively, or to the people," of "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States." Thus, federal law determines whether a debt is non-dischargeable in bankruptcy. But state and federal courts share concurrent jurisdiction to determine whether a debt should be characterized as non-dischargeable. *Stocker v. Stocker*, 9th Dist. No. 12CA0021, 2012-Ohio-5821, ¶ 8. "The question of whether or not a certain debt is discharged is normally not ruled on until specifically raised." *Loveday v. Loveday*, 7th Dist. No. 02 BA 13, 2003-Ohio-1431, ¶ 14. And if the "dischargeability of a marital debt is not raised in bankruptcy court, then it is an issue which may be ruled on by

a court with concurrent jurisdiction after the discharge in bankruptcy." *Id.* at ¶ 18. The party contesting the dischargeability of a debt has the burden of proving these elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Hart v. Molino*, 225 B.R. 904, 907 (B.A.P. 6th Cir.1998).

{¶ 14} Pursuant to the November 17, 2009 order of the United States Bankruptcy Court for the Southern District of Ohio, Kreuzer was granted a discharge under section 727 of the Bankruptcy Code. Except as provided in section 523 of the Bankruptcy Code, a discharge under section 727 "discharges the debtor from all debts that arose before the date of the order for relief under [Chapter 7 of the Bankruptcy Code]." 11 U.S.C. 727(b). Here, nothing in the record demonstrates the bankruptcy court determined whether the attorney fees obligation was dischargeable. While the bankruptcy court order indicates Kreuzer was granted a discharge under 11 U.S.C. 727, the order does not specifically identify which debts of Kreuzer's were discharged. Thus, the trial court had jurisdiction to determine whether the debt was dischargeable under federal law. *See Barnett v. Barnett*, 9 Ohio St.3d 47, 49-50 (1984); *Bethel v. Bethel*, 10th Dist. No. 10AP-989, 2011-Ohio-2747. The trial court invoked its concurrent jurisdiction and concluded that Kreuzer was not in contempt of the June 2008 order because his attorney fees obligation was not a domestic support obligation under 11 U.S.C. 523(a)(5) and was therefore discharged in bankruptcy.

{¶ 15} Hughes's sole assignment of error centers on the trial court's finding as to the applicability of section 523(a)(5) of the United States Bankruptcy Code, which provides that "[a] discharge under section 727 * * * of this title does not discharge an individual debtor from any debt * * * for a domestic support obligation." Although Hughes's assignment of error alleges the trial court erroneously found Kreuzer's attorney fees obligation was not a domestic support obligation, her merit appellate brief quotes both 11 U.S.C. 523(a)(5) and (a)(15), which sets forth an additional exception to dischargeability.[2] Consequently, this court requested supplemental briefing on the

---

[2] To qualify as the type of debt excepted from discharge under 11 U.S.C. 523(a)(15), the party contesting the dischargeability of the debt bears the burden to establish the existence of three elements: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in 11 U.S.C. 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. *Stocker v. Stocker*, 9th Dist. No. 12CA0021, 2012-Ohio-5821, ¶ 13, citing *In re Williams*, 398 B.R. 464, 468 (N.D.Ohio 2008).

applicability of 11 U.S.C. 523(a)(15).  As requested, the parties filed supplemental briefs on this issue.

{¶ 16} Kreuzer argues this court should not consider arguments relating to the dischargeability of his attorney fees obligation that rely on 11 U.S.C. 523(a)(15) because the issue was not argued in the trial court.  Upon our review of the record, we agree. Hughes's arguments in the trial court regarding whether Kreuzer's attorney fees obligation was discharged in bankruptcy were limited to whether the debt was a non-dischargeable domestic support obligation pursuant to 11 U.S.C. 523(a)(5).  In her trial court briefing on the issue of dischargeability, Hughes quoted both 11 U.S.C. 523(a)(5) and (a)(15).  But Hughes did not present, in the alternative to her contention that 11 U.S.C. 523(a)(5) applies, any argument that Kreuzer's attorney fees obligation was not discharged in bankruptcy in view of 11 U.S.C. 523(a)(15).  That is, the trial court was not advised to consider whether application of 11 U.S.C. 523(a)(15) precluded the discharge of Kreuzer's attorney fees obligation if it found 11 U.S.C. 523(a)(5) to be inapplicable.

{¶ 17} Therefore, having failed to raise this argument in the trial court, Hughes waived this argument for the purpose of this appeal.  *Decker Constr. Co. v. Ohio River Pipe Line, LLC*, 10th Dist. No. 06AP-483, 2007-Ohio-421, ¶ 23, citing *Galmish v. Cicchini*, 90 Ohio St.3d 22 (2000); *see Porter Drywall, Inc. v. Nations Constr., LLC*, 10th Dist. No. 07AP-726, 2008-Ohio-1512, ¶ 11, quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus (stating the general rule is that " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court' ").  Consequently, resolution of this appeal turns on our review of the trial court's decision that Kreuzer's attorney fees obligation was discharged in bankruptcy because the debt was not a domestic support obligation under 11 U.S.C. 523(a)(5).

{¶ 18} In *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), the Sixth Circuit established a four-part test to determine when an obligation "which is not specifically designated as alimony or maintenance, is nonetheless in the nature of support and thus nondischargeable" pursuant to 11 U.S.C. 523(a)(5).  *In re Goans*, 271 B.R. 528, 532 (Bankr.E.D.Mich.2001). First, the obligation constitutes support only if the state court or

parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. *Calhoun* at 1109-10. This court reviews a trial court's application of the *Calhoun* four-part test under the abuse of discretion standard. *See Bethel* at ¶ 18. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 19} Hughes argues this court's application of the four-part *Calhoun* test in *Bethel* requires a finding that Kreuzer's attorney fees obligation was not discharged in bankruptcy because it was a domestic support obligation. In *Bethel*, the trial court applied the four-part test set forth in *Calhoun* to determine whether the attorney fees awarded in that matter, as part of the original divorce decree, were actually in the nature of support and, thus, not dischargeable. Upon reviewing the trial court's decision, this court determined the trial court's application of the four-part test was legally correct and reasonable based on the evidence before it. *See Bethel* at ¶ 31. In particular, this court resolved that the "trial court was not unreasonable in its conclusions in that it was the intention of the parties to create a debt in the nature of support and did not abuse its discretion." *Id.* at ¶ 33. In reaching this conclusion, this court also noted that "an obligation to pay a debt arising from attorney fees in a divorce judgment is usually found to be in the nature of support and thus nondischargeable." *Id.* at ¶ 25, citing *In re Goans* at 534.

{¶ 20} The circumstances found in the case at bar are distinguishable from *Bethel* because the award of attorney fees was ordered more than ten years after the original divorce decree–the attorney fees were awarded to Hughes on post-decree motions. Also, considering the record before the trial court in evaluating the nature of Kreuzer's attorney fees obligation, we find it was reasonable for the trial court to conclude that the award of attorney fees was not in the nature of a domestic support obligation. In particular, Hughes did not present evidence demonstrating the attorney fees award would have

provided necessary support to her.  Consequently, we conclude the trial court did not abuse its discretion in finding the attorney fees award not to be in the nature of support.

{¶ 21} Accordingly, we overrule Hughes's sole assignment of error.

## IV.  Disposition

{¶ 22} Having overruled Hughes's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

DORRIAN and BRUNNER, JJ., concur.

————————————