[Cite as *Adams v. Adams*, 2017-Ohio-9264.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MARY BETH ADAMS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-066** |
| DERRICK ANDREW ADAMS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2001 DR 000241.

Judgment: Reversed and remanded.

*Cory R. Hinton,* Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44094 (For Plaintiff-Appellee).

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Derrick Andrew Adams, appeals from the judgment of the Lake County Common Pleas, Domestic Relations Division, finding that plaintiff-appellee, Mary Beth Adams, was not in contempt for failing to pay monthly payments to Derrick pursuant to the parties' agreement. The issue to be determined in this case is whether a domestic relations court has jurisdiction to determine that a debt owed by one spouse to the other is dischargeable in bankruptcy or whether this must be raised in the

bankruptcy court. For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On April 11, 2001, Mary Beth filed a Complaint for Divorce from Derrick.

{¶3} A Judgment Entry of Divorce and Shared Parenting Decree was filed on December 8, 2003, granting the parties' divorce on the grounds of incompatibility. In pertinent part, the judgment provided that Derrick be awarded a portion of Mary Beth's retirement benefits.

{¶4} Derrick filed a Motion to Show Cause on November 13, 2013, arguing, inter alia, that he believed Mary Beth "retired from her employment without taking action to preserve the portion of the marital interest in the [retirement] plan awarded to defendant." The parties reached an agreement to resolve several pending issues, including Derrick's Motion, in a February 10, 2015 Agreed Judgment Entry. It provided, in pertinent part, that Mary Beth would pay Derrick $13,000 at a rate of $300 per month.

{¶5} On February 16, 2016, Derrick filed a Motion to Show Cause, asserting, inter alia, that Mary Beth had not made the required monthly payments. A hearing was held on that matter, as well as other pending issues, on November 8, 2016.

{¶6} At the hearing, Mary Beth testified that the $13,000 amount was based on payments owed to Derrick under her pension before he started receiving employer disbursements and for dependency exemptions she had improperly claimed. She made monthly payments from February until April of 2015, around which time she filed for bankruptcy. She believed that the $13,000 was dischargeable through bankruptcy and that, pursuant to the bankruptcy judge's order, all of her debts were discharged. She testified that the order did not list individual creditors.

2

**{¶7}** A Magistrate's Decision was filed on January 10, 2017, finding that Mary Beth did not pay under the agreement and proof was not presented to show the amount owed was discharged in bankruptcy. She was found to be in contempt of the court's order and was permitted to purge the contempt by paying $420 per month until the $13,000 debt was satisfied.

**{¶8}** Mary Beth filed Objections to Magistrate's Decision on March 3, 2017, arguing that a federal court must determine dischargeability of a debt and that Derrick did not challenge this issue in the bankruptcy proceeding.

**{¶9}** The trial court issued a Judgment Entry on April 12, 2017, ruling on the objections and rejecting in part the Magistrate's Decision. The court found that "it was the Defendant's responsibility to challenge the dischargeability of the Plaintiff's $13,000 debt to him in federal bankruptcy court. State courts have no jurisdiction to alter a federal bankruptcy court's determination of a debt's dischargeability." It granted the objection and rejected the magistrate's contempt finding as to this issue.

**{¶10}** Derrick timely appeals and raises the following assignments of error:

**{¶11}** "[1.] The trial court erred in determining that appellant was required to obtain a determination of nondischargeability in the bankruptcy court of an 11 U.S.C. §523(a)(15) claim. The decision of the trial court is contrary to law and against the manifest weight of the evidence.

**{¶12}** "[2.] The trial court erred in determining that only the bankruptcy court has jurisdiction to determine the dischargeability of an 11 U.S.C. §523(a)(15) claim. The decision of the trial court is contrary to law and against the manifest weight of the evidence.

3

{¶13} "[3.] The trial court erred in failing to find that a[n] 11 U.S.C. §523(a)(15) claim is unqualifiedly nondischargeable in bankruptcy. The decision of the trial court is contrary to law and against the manifest weight of the evidence."

{¶14} We will consider the assignments of error jointly, as they are interrelated.

{¶15} We generally review a trial court's decision regarding whether to adopt, modify, or reject its magistrate's decisions, as well as decisions in contempt proceedings, for an abuse of discretion. *In re K.S.,* 11th Dist. Ashtabula No. 2013-A-0054, 2014-Ohio-1347, ¶ 25; *Augier v. Augier,* 11th Dist. Geauga No. 2009-G-2932, 2010-Ohio-2679, ¶ 37. An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). However, a trial court's determination as to its ability to exercise jurisdiction over a matter is reviewed de novo. *Fletcher v. Estate of Fletcher*, 2014-Ohio-5377, 25 N.E.3d 379, ¶ 29 (11th Dist.).

{¶16} Derrick argues that the trial court erred by finding that he had to seek a determination of nondischargeability in the bankruptcy court. He also takes issue with the application of *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), which he argues is no longer applicable after the passage of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) of 2005.

{¶17} Mary Beth contends that, under *Calhoun*, challenging dischargeability in a state court "is not proper."

{¶18} Pursuant to 11 U.S.C. §523, which relates to exceptions to discharging a debt in bankruptcy:

4

(a)    A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

* * *

(5) for a domestic support obligation;

* * *

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit * * *.

**{¶19}** The lower court concluded that Derrick was required to argue the dischargeability exception before the bankruptcy court. As courts throughout this state have recognized, while federal law determines whether a debt is nondischargeable in bankruptcy, "[s]tate and federal courts share concurrent jurisdiction to determine whether a debt should be characterized as non-dischargeable." *Stocker v. Stocker*, 9th Dist. Wayne No. 12CA0021, 2012-Ohio-5821, ¶ 8, citing *Barnett v. Barnett*, 9 Ohio St.3d 47, 49-50, 458 N.E.2d 834 (1984); *Kreuzer v. Kreuzer*, 10th Dist. Franklin No. 14AP-931, 2015-Ohio-3253, ¶ 13.

**{¶20}** While both parties present arguments as to whether *Calhoun* should apply to prohibit a state court's jurisdiction in light of the change in federal law in 2005, *Calhoun* does not specifically speak to whether a §523(a)(15) claim must be brought only in bankruptcy court. Regardless, this issue has been directly addressed by this

court, as well as others. "Prior to October 17, 2005," when BAPCPA became law, "the bankruptcy court had exclusive jurisdiction to determine the dischargeability of a debt under Section 523(a)(15)." *In re Justice*, 11th Dist. Ashtabula No. 2005-A-0072, 2006-Ohio-2932, ¶ 15. However, "with the enactment of BAPCPA, a non-debtor spouse no longer has an affirmative duty to file an adversary proceeding [in the bankruptcy court] when seeking to have a nondischargeability determination made pursuant to § 523(a)(15)." *In re Holmes*, Bankr. N.D.Ohio. Nos. 08-3113 and 08-31595, 2009 WL 1586792, *2 (Feb. 20, 2009). Presently, jurisdiction to address the issue of dischargeability under (a)(15) "may be exercised by either the bankruptcy court or the state or other nonbankruptcy court." *Justice* at ¶ 16, citing Collier on Bankruptcy (15 Ed.Rev.2006) 4-523, Section 523.03.

{¶21} Here, the trial court was incorrect in stating that Derrick was required to raise this matter in the bankruptcy court, given the concurrent jurisdiction. It is not clear if the lower court considered whether the bankruptcy court *actually* ruled on the discharge of the debt, given its finding that Derrick was required to raise the matter before the bankruptcy court. However, the trial court's judgment does find that "[s]tate courts lack jurisdiction to *alter* a federal bankruptcy court's determination of a debt's dischargeability." (Emphasis added.) To that extent, we must consider whether a judgment has already been issued on the dischargeability of the debt in question. We find that the trial court erred in concluding it was unable to rule on the dischargeability of the debt, since such a ruling would *not* act to alter or otherwise contradict the general discharge rendered by the bankruptcy court.

{¶22} In several cases with strikingly similar facts, Ohio courts have held that a general discharge of bankruptcy, which does not make a specific finding of

6

dischargeability of a spousal debt in a divorce proceeding, does not preclude a domestic court ruling on that issue. "The question of whether or not a certain debt is discharged is normally not ruled on until specifically raised." (Citation omitted.) *Loveday v. Loveday,* 7th Dist. Belmont No. 02 BA 13, 2003-Ohio-1431, ¶ 14. "For a question about the nature of a debt to be specifically raised, there must be some evidence in the record before the trial court that a determination about the specific obligation was made by the bankruptcy court." *Bethel v. Bethel*, 10th Dist. Franklin No. 10AP-989, 2011-Ohio-2747, ¶ 10. In the absence of such evidence, the state court has jurisdiction to issue a ruling. *Loveday* at ¶ 18; *Kreuzer*, 2015-Ohio-3253, at ¶ 14 (when the bankruptcy order indicated that Kreuzer "was granted a discharge" but did not "specifically identify which debts of Kreuzer's were discharged," the domestic relations court had jurisdiction); *Bethel* at ¶ 11 ("[w]ithout any evidence that the issue [of discharge of the debt] was specifically raised, it is clear that the state courts have jurisdiction to consider" whether the debt was dischargeable).

**{¶23}** In the present case, the documentation relating to the bankruptcy discharge is not in the record, although Mary Beth testified that she received an order of discharge. When questioned "to your knowledge were there individual creditors or anything listed on that [order of discharge]?," she responded "no." She also testified that Derrick filed no adversary proceeding for a determination of dischargeability in the bankruptcy court.

**{¶24}** Further, pursuant to the explanation of bankruptcy discharge issued in this case, and also in other bankruptcy cases, examples of "debts that are not discharged" include debts such as "domestic support obligations," one of the exceptions to discharge listed in 11 U.S.C. §523(a). This recognizes that the general discharge

7

entered by the bankruptcy court does not absolve the debtor from debts excepted from discharge under 11 U.S.C. §523(a), including the debt to a spouse in a divorce matter which is at issue in this case. 11 U.S.C. §523(a)(15).

{¶25} Since the record indicates that the bankruptcy court did not find the specific debt in question was dischargeable, the lower court did not lack jurisdiction to rule on this issue.

{¶26} Based on the foregoing, the lower court should have determined whether the debt in question was nondischargeable under 11 U.S.C. §523(a)(15). The court did not reach that issue, since it found it lacked jurisdiction. Thus, we remand to the trial court with instructions to determine whether the debt was nondischargeable under 11 U.S.C. §523(a)(15). *See In re Marriage of Heidnik,* 11th Dist. Lake Nos. 2012-L-031 and 2012-L-049, 2013-Ohio-1289, ¶ 33 (where the trial court did not reach the merits since it found a lack of jurisdiction, the trial court was required to review the merits upon remand).

{¶27} The assignments of error are with merit.

{¶28} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded for further proceedings consistent with this opinion. Costs to be taxed against appellee.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

8