[Cite as *Halbeisen v. Fantozz*, 2023-Ohio-4340.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| Lori A. Halbeisen | Court of Appeals No. E-23-007 |
| Appellee | Trial Court No. 2008 DR 0118 |
| v. | |
| Richard A. Fantozz | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 1, 2023 |

* * * * *

Zachary E. Dusza, for appellant.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Richard Fantozz, appeals the January 5, 2023 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, granting appellee, Lori Halbeisen's motion to dismiss Fantozz's show cause motion. The trial court's failure to properly consider whether the obligation was non-dischargeable in bankruptcy requires that the judgment be reversed.

## I. Facts and Procedural Background

{¶ 2} The parties in this post-divorce action were married in 2004 and divorced in 2009. During the marriage, the parties incurred a WAMU home equity line of credit. As part of the consent judgment entry and decree of divorce, Halbeisen agreed to pay one-half of the equity line of credit balance, or $30,500, existing at the time of divorce to Fantozz. The relevant decree language provides:

> The balance of the WAMU home equity line of credit is approximately Sixty-one Thousand Dollars ($61,000.00). This line of credit was incurred during the marriage of the parties, was co-signed by each, and, therefore, is a joint obligation as far as the creditor is concerned. It is agreed by the parties that Wife's equitable share of such obligation is Thirty Thousand, Five Hundred Dollars ($30,500.00). * * * Wife shall use her best efforts to pay off such judgment balance to Husband and the Court shall retain jurisdiction to enforce Wife's obligation to Husband on this judgment * * *. It is noted that at the current rate of judgment interest [Five Percent (5%)], interest on the amount of the judgment balance [Thirty Thousand Five Hundred Dollars ($30,500.00)] accrues at the rate of One Hundred Twenty-seven Dollars and Eight Cents ($127.08) per month, so that unless at least that amount is paid by Wife to Husband each month, the

2.

amount of such judgment balance due is increasing, rather than decreasing.

\* \* \*

{¶ 3} From July 2010 through August 2022, Fantozz filed multiple show cause motions citing Halbeisen's failure to make the minimum monthly payments. Fantozz's August 26, 2022 motion claimed that Halbeisen missed 16 payments since April 2019, and that $33,233,12 was due on the debt.

{¶ 4} On October 27, 2022, Halbeisen moved to dismiss the motion arguing the debt was discharged following her 2013 Chapter 7 bankruptcy. Attachments to her motion included the bankruptcy court case summary indicating that on January 30, 2013, she was awarded a "standard debtor discharge," and that the case was closed on February 4, 2013. She also attached the bankruptcy filing schedules where she listed her debt to Fantozz as an unsecured nonpriority claim.

{¶ 5} Fantozz requested and was granted leave to respond to the motion until on or before January 4, 2023. He filed his response at 3:35 p.m. At 3:26 p.m., however, the trial court summarily granted Halbeisen's motion to dismiss. Fantozz then commenced this appeal.

## II. Assignment of Error

{¶ 6} Fantozz now raises the following assignment of error:

1. The trial court abused its discretion by dismissing Appellant's Motion to Show Cause.

3.

## III. Analysis

{¶ 7} Absent an abuse of discretion, a court's decision as to domestic relations matters will not be disturbed on appeal. *Gonzalez v. Gonzalez*, 6th Dist. Wood No. WD-02-074, 2003-Ohio-5187, ¶ 19, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). "An abuse of discretion occurs when a court exercises 'its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *J. H. v. J. F.*, 6th Dist. Lucas No. L-22-1302, 2023-Ohio-1416, ¶ 13, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 8} At issue is the effect of Halbeisen's Chapter 7 bankruptcy on the $31,500 debt owed to Fantozz and the trial court's ability to enforce the debt. 11 U.S.C. § 523 sets forth various exceptions to the dischargeability of a debt through bankruptcy. The section relevantly provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> * * *
>
> (5) for a domestic support obligation;
>
> * * *
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course

4.

of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; * * *.

{¶ 9} Fantozz's assignment of error raises two arguments: that the trial court abused its discretion by summarily granting Halbeisen's motion to dismiss without considering his response; and that the court abused its discretion by granting the motion when it had jurisdiction to determine whether Halbeisen's debt under the divorce decree was non-dischargeable in bankruptcy. The latter argument is dispositive.

{¶ 10} "[F]ederal law determines whether a debt is non-dischargeable in bankruptcy. But state and federal courts share concurrent jurisdiction to determine whether a debt should be characterized as non-dischargeable." *Kreuzer v. Kreuzer*, 10th Dist. Franklin No. 14AP-931, 2015-Ohio-3253, ¶ 13; *see also Adams v. Adams*, 11th Dist. Lake No. 2017-L-066, 2017-Ohio-9264. "[I]f the 'dischargeability of a marital debt is not raised in bankruptcy court, then it is an issue which may be ruled on by a court with concurrent jurisdiction after the discharge in bankruptcy.'" *Id.*, quoting *Loveday v. Loveday*, 7th Dist. Belmont No. 02 BA 13, 2003-Ohio-1431, ¶ 18. "[A] general discharge of bankruptcy, which does not make a specific finding of dischargeability of a spousal debt in a divorce proceeding, does not preclude a domestic court ruling on that issue." *Adams* at ¶ 22. "The party contesting the dischargeability of a debt has the burden of proving these elements by a preponderance of the evidence." *Kreuzer* at ¶ 13.

{¶ 11} Fantozz's argument relies on the factually similar case of *Adams* where husband filed a motion to show cause claiming that wife failed to pay a debt owed to husband according to the judgment entry of divorce. *Adams* at ¶ 5. Wife argued that the sum owed was discharged pursuant to the bankruptcy judge's order. *Id.* at ¶ 6. During the motion hearing, wife admitted that the order failed to name individual creditors. *Id.*

{¶ 12} The magistrate's decision found wife in contempt because she failed to prove that the debt had been discharged. *Id.* at ¶ 7. Granting the wife's objections on the debt issue, the trial court found that husband was required to challenge the dischargeability of the debt in the bankruptcy court. *Id.* at ¶ 9.

{¶ 13} On appeal, the Eleventh Appellee District observed that while federal law dictates whether a debt is non-dischargeable in bankruptcy, federal and state courts "'share concurrent jurisdiction to determine whether a debt should be characterized as non-dischargeable.'" *Id.* at ¶ 19, quoting *Stocker v. Stocker*, 9th Dist. Wayne No. 12CA0021, 2012-Ohio-5821, ¶ 8. The court concluded that the bankruptcy court's failure to categorize the wife's debt to husband as dischargeable gave the trial court jurisdiction to determine the issue. *Id.* at ¶ 25. *See Hill v. Hill*, 10th Dist. Franklin No. 17AP-454, 2019-Ohio-3459.

{¶ 14} Here, while the record demonstrates that Halbeisen listed her debt to Fantozz on Schedule F of her bankruptcy filing, there is no evidence that the bankruptcy court considered whether the debt was dischargeable. Thus, the trial court had

6.

jurisdiction to consider the specific exceptions set forth in 11 U.S.C. § 523(a), and determine whether the debt was non-dischargeable.

{¶ 15} Based on the foregoing, the trial court erred in dismissing Fantozz's motion to show cause without first determining whether the debt was non-dischargeable. Fantozz's assignment of error is well-taken.

## IV. Conclusion

{¶ 16} For the foregoing reasons, the January 5, 2023 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for further proceedings. Pursuant to App.R. 24, Halbeisen is ordered to pay the costs of this appeal.

Judgment reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.            _____
                                              JUDGE
Myron C. Duhart, P.J.        

                                           _____
Charles E. Sulek, J.                                JUDGE
CONCUR.

                                           _____
                                              JUDGE

7.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.