[Cite as *State v. Bocanegra*, 2024-Ohio-5971.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No.  S-23-010

    Appellee                                   Trial Court No.  21 CR 014

v.

Marcos P. Bocanegra                       **DECISION AND JUDGMENT**

    Appellant                                  Decided:  December 20, 2024

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Otero, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Sandusky County Court of

Common Pleas, which denied appellant's application for postconviction relief. For the

reasons set forth below, this court affirms the trial court's judgment.

**I. Background**

{¶ 2} This appeal arises from the trial court's joinder of two criminal cases against

appellant Marcos Primo Bocanegra, Jr.[1] In the first case, assigned case No. 20CR353, a

---

[1] Appellant is sometimes referred to in the record as Primos Marcos Bocanegra, Jr.

Sandusky County Grand Jury issued a bill of indictment against appellant for his failure on March 9, 2020, to register with the sheriff his change of address after a prior conviction for third-degree felony sexual battery, a violation of R.C. 2950.05(A) and a third-degree felony under R.C. 2950.99(A)(1)(a)(ii).

{¶ 3} In the second case, assigned case No. 21CR14, a Sandusky County Grand Jury issued a bill of indictment against appellant for his failure on December 8, 2020, to register with the sheriff his change of address after a prior conviction for third-degree felony sexual battery and a prior conviction for failure to provide such notice, a violation of R.C. 2950.05(F)(1) and a third-degree felony under R.C. 2950.99(A)(1)(b)(ii).

{¶ 4} The Sandusky County Grand Jury also issued a bill of indictment against appellant for his failure on December 10, 2020, to verify his current residence, school, or place of employment after a prior conviction for third-degree felony sexual battery and a prior R.C. 2950.05 conviction, a violation of R.C. 2950.06(F) and a third-degree felony under R.C. 2950.99(A)(1)(b)(ii).

{¶ 5} The parties stipulated in the record that appellant "was previously convicted of Sexual Battery on June 13, 2008 in Sandusky County Court of Common Pleas Case Number 07CR185 and is required to register as a Tier III Sex Offender."

{¶ 6} The parties further stipulated in the record that appellant "has been previously convicted of Failure to Provide Notice of Change of Address in Sandusky County Court of Common Pleas Case Number 13CR944 on May 16, 2014."

{¶ 7} The trial court joined the three criminal offenses from the two cases for trial purposes. The trial commenced on August 3, 2021, and the jury received testimony from

2

four witnesses: the investigating sheriff's office Captain Bender, appellant's former sister-in-law Barbara Bocanegra, appellant's cousin, and appellant himself. The trial court admitted seven exhibits into evidence, including one body-worn camera video of Captain Bender interviewing appellant one month prior to the March 9, 2020 offense and another body-worn camera video of Captain Bender interviewing appellant's cousin regarding the December 8, 2020 offense. Despite the evidence presented by appellee for the three 2020 incidents, and his prior convictions in 2008 for sexual battery and in 2014 for failure to notify sheriff of his change of address, appellant testified at trial that he did not know of his sex-offender duties and obligations because "they never told me nothing about it."

{¶ 8} Following the trial on August 3, 2021, a jury found appellant guilty of the three offenses. As journalized on August 13, the trial court sentenced appellant as follows: for case No. 20CR353, the mandatory minimum prison term of three years under R.C. 2950.99(A)(2)(b); and for case No. 21CR14, the mandatory minimum prison term of three years for each offense under R.C. 2950.99(A)(2)(b). Each of the three-year prison terms were ordered to be served concurrently, for a total of three years.

{¶ 9} Appellant did not timely appeal his convictions and sentences. On October 21, 2021, this court dismissed appellant's appeal, assigned case No. S-21-016, for lack of jurisdiction.

{¶ 10} Rather, the following year, on September 6, 2022, appellant filed a pro se "Motion for Postconviction Relief," which appellee, the state of Ohio, opposed as not meeting the requirements of R.C. 2953.21(A).

3

{¶ 11} Appellant argued he is entitled to an evidentiary hearing and appointed postconviction relief counsel because "The importance/value of an evidentiary hearing with counsel in this situation goes without saying." First, appellant claimed he "was denied his 6th and 14th Amendment rights to effective assistance of counsel when counsel failed to properly question Barbara Bocanegra." In support of his first claim, appellant argued he worked a different schedule from Barbara Bocanegra, who lived at the same residence on March 9, 2020, and he repeatedly asked his trial counsel to question the witness about that. Appellant did not support this claim beyond his own statements in his motion.

{¶ 12} Second, appellant claimed he "was denied his 6th and 14th Amendment rights to effective assistance of counsel by counsel's failure to convey to the petitioner any discovery materials." In support of his second claim, appellant argued that his trial counsel refused to allow him to view the videos used at trial. Appellant argued the prosecution edited the videos "leaving out the critical areas where petitioner was giving [a] detailed explanation of his whereabouts, and his residence, that would have 'clearly' shown the jury that petitioner did not move and also show Captain Bender using his language showing his prejudice towards the petitioner because of petitioner's race and type of charge." Appellant did not support this claim beyond his own statements in his motion.

{¶ 13} By judgment entry journalized on March 6, 2023, and without holding the hearing appellant requested, the trial court denied appellant's motion for postconviction

relief. The trial court determined appellant's ineffective assistance of counsel claims failed, citing *Strickland v. Washington*, 466 U.S. 668 (1984):

> The Court has made a careful review of the records in the case and it is clear that trial counsel pursued issues related to discovery, made coherent, rational arguments concerning evidentiary issues and rigorously cross-examined the witnesses in the case. The Defendant did call witnesses and chose to testify. These are all examples that trial counsel competently addressed the issues present in this case and made sound strategic trial decisions. . . . Nothing presented in his Petition comes close to showing that the jury would have been otherwise impacted.

{¶ 14} Appellant appealed and set forth one assignment of error: "The trial court abused its discretion in dismissing Appellant's Motion for Postconviction Relief without an evidentiary hearing, in violation of Appellant's right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

## II. Postconviction Relief

{¶ 15} Appellant's two-part motion for postconviction relief focuses on alleged evidence the jury did not receive at trial for case No. 20CR353 regarding the March 9, 2020 offense.

{¶ 16} In the first part of his motion, appellant claims he repeatedly asked his trial counsel to question Ms. Bocanegra about his work schedule differing from hers on March 9, and his trial counsel gave him ineffective assistance of counsel when he failed to do as he asked. Appellant's claim does not question the other evidence, including Captain Bender's testimony, admitted regarding the March 9 offense.

5

{¶ 17} Ms. Bocanegra testified that since December of 2019, she gave appellant permission to register her residence knowing he was a registered sex offender. On February 11, 2020, Captain Bender interviewed her about appellant residing with her. She did not want appellant to "get into trouble" with the sheriff's office, but also did not want to be in the middle. She testified that on February 19, 2020, she asked appellant to leave the residence because, "(Sighing), I guess, I don't like, you know, the Sheriff's and all coming to my house. I – I just don't like it and – that's all." Appellant left that day, and she had not seen him at the residence since then and as of March 9. Appellant kept no clothes at the residence but received mail there. She admitted that, prior to February 19, appellant "stopped there, you know, quite often during the week" but knew he was not staying at the residence every night.

{¶ 18} On March 9, 2020, Ms. Bocanegra met with Captain Bender to complete and sign a "Sex Offender Address Verification Form," which was admitted into evidence without objection. In the form she acknowledged her statements were subject to prosecution under R.C. 2921.13, and stated, "Primo did live here, but as of Feb. 19, 2020, told him to leave and have not seen him since. Do not know where he is living at."

{¶ 19} Prior to excusing the witness at the conclusion of her direct and cross-examination testimony, the trial court gave appellant's trial counsel the opportunity to recross-examine her. Appellant's trial counsel took the time to confer with appellant and then announced no further questions. There is no indication that appellant asked his trial counsel to cross-examine the witness about their different work schedules regarding the

6

offense on March 9. Later, when appellant called himself as a witness and testified, he never mentioned his work schedule differing from Ms. Bocanegra's.

{¶ 20} In the second part of his motion, appellant claims his trial counsel refused to allow him to view the "videos" prior to trial because the prosecution edited them to cut out his detailed explanations to Captain Bender of his residency at Ms. Bocanegra's. Appellant provides no dates to describe these "videos." Of the two videos admitted at trial, the only video with him is Captain Bender's interview with appellant on February 11, 2020.

{¶ 21} Captain Bender testified that he asked appellant to meet in person on February 11 because during Ms. Bocanegra's interview earlier that day, she stated appellant did not live at the residence. Captain Bender testified that "I could have charged him, but I wanted to work with him to bring him back into compliance. He said he would call me every day. I asked him to call me every Monday and check in so we could try to keep him on the right path." Appellant did not check-in with Captain Bender on a weekly basis as promised. Nevertheless, appellant was not charged with a February 11, 2020 offense. Later, when appellant called himself as a witness and testified, he never mentioned any alleged missing portions from the February 11 video. Rather, appellant admitted that Captain Bender made him aware of his sex-offender obligations regarding Ms. Bocanegra's residence on that day.

> I didn't know I had to stay there a certain amount of hours or the whole day, the whole night, two nights, three nights; I never knew all that. They never told me that until [Captain] Bender told me the one day when I went and seen him that the address I give him, I have to lay my head there day and night. Wherever that address is, I had to lay my head every night.

7

{¶ 22} Despite appellant admitting he was on notice of his registration obligations as of February 11, 2020, he still violated them as of March 9. Appellant testified that the reason he was not residing at the same location as Ms. Bocanegra on March 9, was to help care for his ailing parents at their separate residences. He further testified that he kept his clothing and possessions in a bag that he carried with him from place-to-place. Ultimately, when his trial counsel directly asked appellant the open-ended question, "Is there anything pertinent that I'm missing?" appellant replied "None, just that – that I tried to do what I was supposed to. I didn't know that I wasn't able to stay and take care of my mother and father and now be with this." This was appellant's unimpeded opportunity to testify to the jury of his claims now found in his postconviction motion: that his work schedule differed from Ms. Bocanegra's and that the video of his February 11 interview with Captain Bender was edited. He failed to do so.

{¶ 23} Postconviction relief is governed by R.C. 2953.21, which grants the statutory rights, not constitutional rights, "specifically enumerated in its provisions and no more." *State v. Broom*, 2016-Ohio-1028, ¶ 28. "A postconviction proceeding is not an appeal of a criminal conviction but, rather, is a collateral, civil attack on a criminal judgment." *Id.* We review the trial court's decision to deny appellant's motion for postconviction relief for an abuse of discretion. *Id.* at ¶ 30. An abuse of discretion occurs when the trial court exercises its judgment, in an unwarranted way, regarding a matter over which it has discretionary authority. *Halbeisen v. Fantozz*, 2023-Ohio-4340, ¶ 7 (6th Dist.), citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. We will not reverse the trial

8

court's determination if there is competent and credible evidence in the record to support it. *Broom* at ¶ 30.

{¶ 24} Contrary to appellant's argument, he is not automatically entitled to a postconviction relief hearing under R.C. 2953.21(D), which states:

> Before granting a hearing on a petition filed under division (A)(1)(a)(i), (ii), (iii), or (iv) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

{¶ 25} "In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 2006-Ohio-6679, ¶ 51. The trial court may dismiss appellant's petition for postconviction relief without a hearing under R.C. 2953.21 "'where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.'" *Id.*, quoting *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus. "A petition presents substantive grounds for relief when it contains allegations that are sufficient to state a constitutional claim and the files and records of the case do not affirmatively disprove the claim." *State v. Blanton*, 2022-Ohio-3985, ¶ 24. We apply the same abuse-of-discretion standard to the trial court's gatekeeping role on whether to hold a hearing in the postconviction relief process. *Gondor* at ¶ 52.

9

{¶ 26} For the following reasons, we affirm the trial court's decision to deny appellant's postconviction relief claims of ineffective assistance of trial counsel without a hearing.

{¶ 27} Postconviction relief petitions may be barred by res judicata where the claim could have been raised during trial. *Blanton* at ¶ 30. "[R]es judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either (1) the petitioner had the same attorney at trial and on appeal or (2) he must rely on evidence outside the trial record to establish his claim for relief." *Id.* at ¶ 2. However, where, as here, appellant had a new attorney on appeal and the claim could have been litigated based on the trial record, res judicata applies and appellant's postconviction relief claims are barred. *Id.* We find that appellant testified at trial and could have raised and litigated his postconviction relief issues in the lower court record.

{¶ 28} Appellant's speculation on evidence outside of the trial record, i.e., his differing work schedule from Ms. Bocanegra and unidentified missing portions of his February 11, 2020 video interview with Captain Bender, do not entitle him to an evidentiary hearing and do not establish that such outside evidence is materially exculpatory for his convictions of the three offenses. *Id.* at ¶ 99-100. Where appellant now argues new grounds for postconviction relief in this appeal based on ineffective assistance of trial counsel, those arguments are not properly before us. *State v. Wintermeyer*, 2019-Ohio-5156, ¶ 25; App.R. 9(A)(1).

{¶ 29} Appellant is mistaken that only an evidentiary hearing will bring forth the necessary operative facts outside of the record to support his motion. Rather, his burden

10

began with his postconviction relief motion to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent trial counsel and the prejudice from such ineffective trial counsel. *State v. Calhoun*, 86 Ohio St.3d 279, 283 (1999); *State v. Kapper*, 5 Ohio St.3d 36, 38-39 (1983); *State v. Pankey*, 68 Ohio St.2d 58, 58-59 (1981); *State v. Jackson*, 64 Ohio St.2d 107 (1980), syllabus.

**{¶ 30}** He did not meet his burden. Under R.C. 2953.21, appellant failed to attach any supporting affidavits, documentary evidence, files, or records to his motion regarding the two allegations of ineffective assistance of his trial counsel. His unsworn, self-serving allegations in his postconviction relief motion do not rebut the record and do not warrant an evidentiary hearing. This court has repeatedly held so. *State v. Leon*, 2019-Ohio-1178, ¶ 57 (6th Dist.); *State v. Hoffner*, 2002-Ohio-5201, ¶ 25 (6th Dist.); *State v. Watts*, 1986 WL 15050, *3 (6th Dist. Dec. 31, 1986). The record before us affirmatively disproves appellant's postconviction relief claims because he failed to raise any aspect of the ineffective-assistance-of-counsel claims during his testimony and failed to raise them on direct appeal. *State v. Mohr*, 1998 WL 65489, *1-2 (6th Dist. Feb. 6, 1998).

**{¶ 31}** Upon review we find the record contains competent and credible evidence to support the trial court's denial of appellant's motion for postconviction relief without a hearing. We find no abuse of discretion when trial court denied appellant postconviction relief without a hearing.

**{¶ 32}** Appellant's assignment of error is not well-taken.

11

### III. Conclusion

{¶ 33} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.